[Civ. No. 3113.   Second Appellate District, Division One.—November 14, 1919.]

MADELINE E. STEARNS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUDGMENTS—APPEALS—ARGUMENTS OF TRIAL COURT—RECORD.— The argument or reasons given by a trial judge in support of a ruling or decision are no part of the record upon which the appellate court is called upon to act.

[2] ID.—FRAUDULENT CONVERSION—IMPRISONMENT IN JAIL—REFUSAL TO INCORPORATE IN JUDGMENT—MANDAMUS.—Whether the trial court, in an action to recover money fraudulently converted and appropriated by a person acting in a fiduciary capacity, be right or wrong in holding that plaintiff is not entitled to judgment that defendant be committed to jail until he pay the amount

---

1. What record on appeal must show, note, 8 L. R. A. 611.

due, is not involved in a proceeding in *mandamus* to compel the trial court to enter such a judgment. If the court erroneously denies plaintiff a judgment warranted by the findings, her remedy is by an appeal.

[3] ID.—JUDGMENT AND DISCRETION OF TRIAL COURT—REMEDY OF PLAINTIFF—MANDAMUS.—The judgment and discretion of the trial court, both as to the facts and as to the law applicable thereto, in a matter within its jurisdiction, cannot be controlled by a writ of mandate where the aggrieved party has a plain, speedy, and adequate remedy in the ordinary course of law.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and Charles Wellborn, Judge thereof, to enter judgment that defendant be committed to jail. Alternative writ discharged and proceeding dismissed.

The facts are stated in the opinion of the court.

Collier, Schlegel & Labarere, Frank C. Collier and Walter H. Sprague for Petitioner.

John S. Cooper for Respondents.

SHAW, J.—Respondent has interposed a general demurrer to a petition upon which this court issued an alternative writ of mandate addressed to the superior court of Los Angeles County commanding it, in the absence of cause to the contrary being shown, to incorporate in a judgment, which the court is about to render in favor of plaintiff upon findings made in an action wherein Madeline E. Stearns is plaintiff and Howard E. Reach is defendant, a clause to the effect that said defendant be committed to the county jail until he pays to plaintiff the sum of $1,052.39, so found by the court to be due to her.

The complaint, a copy of which is attached to the petition, alleges that defendant, while acting in a fiduciary capacity for plaintiff, fraudulently converted and appropriated to his own use certain funds and property which she intrusted to him; and the prayer thereof, in addition to judgment for $2,343.59 asked, is "that upon the failure of said defendant to pay said sums and all of them he be imprisoned in the county jail in the county of Los Angeles until such time as he does pay the same, as required by article I, section 15,

of the constitution of the state of California.'' The petition also contains a copy of the findings upon which the court, as a conclusion of law, found that plaintiff was entitled to judgment against defendant for $1,052.39, and ''that this is a proper case for a judgment committing defendant to and confining him in the county jail of said county of Los Angeles and such a judgment would be ordered but for the reason that the provisions of article I, section 15, of the constitution of the state of California and section 478 of the Code of Civil Procedure of said state, construed together, seem to this court to preclude such a judgment as there was no preliminary arrest as allowed and provided for in section 479 et seq. of said Code of Civil Procedure. Therefore no judgment committing said defendant to and confining him in said county jail will be entered herein.''

Petitioner claims that the findings bring the acts of defendant within the provisions of subdivision 2, section 479 of the Code of Civil Procedure, and show, as alleged in the complaint, that while acting in a fiduciary capacity for plaintiff he was guilty of acts for which, in the absence of his paying the amount found by the court to be due, he should be imprisoned in the county jail.

Clearly, the judgment which plaintiff sought in the action was not only one for the recovery of money, to be enforced by execution against property, but one adjudging the defendant guilty of fraudulent conversion, upon which latter an execution might issue against the person of the defendant so adjudged guilty of fraud. (*Stewart* v. *Levy*, 36 Cal. 159.) The court, as to the indebtedness, found that plaintiff was entitled to judgment therefor, but the effect of the finding which we have quoted is that as a matter of law, notwithstanding the findings made as to defendant's fraudulent acts, plaintiff was not entitled to a judgment committing defendant to jail. Other than this simple finding, the so-called conclusion of law above set out is a mere statement of the trial judge of his reasons for holding that plaintiff is not entitled upon the findings to a judgment of imprisonment against defendant. [1] That the argument or reasons given by a trial judge in support of a ruling or decision are no part of the record upon which this court is called upon to act is too well settled to require citation of au-

thority. It thus appears, conceding the findings, as claimed by petitioner, warranted the judgment for which she contends, that the trial court, as it was within its jurisdiction entitled to do, took a contrary view of the law, and held as a matter of law that plaintiff was not entitled to judgment that defendant be committed to jail.

[2] Whether the trial court be right or wrong in so deciding is not involved in this proceeding, since if the court erroneously denies plaintiff a judgment warranted by the findings, her remedy, as in other cases, is by an appeal. [3] No principle is better settled than that the judgment and discretion of the trial court, both as to the facts and as to the law applicable thereto, in a matter within its jurisdiction, cannot, where the aggrieved party has a plain, speedy, and adequate remedy in the ordinary course of law, be controlled by writ of mandate. (*Cahill* v. *Superior Court,* 145 Cal. 42, [78 Pac. 467].) That the petitioner has a remedy by appeal admits of no controversy; and that the higher court on such appeal, if the findings warrant it, will order judgment thereon in favor of the plaintiff in the action is equally true.

There is no difference between this proceeding, wherein petitioner claims that upon the findings she is entitled to a judgment other than that which the court proposes to render, and the ordinary case where the court is about to enter a judgment which the aggrieved party claims is unwarranted by the findings. If the writ in the instant case lies for such purpose, then, in lieu of an appeal from the judgment, it is applicable to all cases to compel the court to render a proper judgment based upon findings, thus applying a new and, perhaps, better method of review and correction thereof.

Petitioner's counsel seem to recognize the fact that she is not entitled to the writ, provided she has a plain, speedy, and adequate remedy in the ordinary course of law, and hence, to overcome this obstacle, alleges in her petition that the appeal will not be decided in a long time; that meanwhile petitioner will have no security for the payment of her judgment, at which time Reach will probably be beyond the reach of any process of the court. This argument would apply with equal force to all cases where the court has er-

roneously rendered judgment upon findings in favor of a defendant when it should have been for the plaintiff.

The alternative writ is discharged and the proceeding dismissed.

Conrey, P. J., and James, J., concurred.