[L. A. No. 18662.   In Bank.   June 16, 1943.]

DOROTHY C. LINCOLN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Roger Marchetti for Petitioner.

Jerry Giesler, Meyer M. Willner and Thornwell Rogers for Respondent.

SCHAUER, J.—This is an application for a writ of mandate to compel a superior court to "set [an order to show cause in a separate maintenance suit] . . . for immediate hearing and to determine said matter on its merits." The application is before us on the petition for the writ and on the answer of the real party in interest and has been submitted upon the record of the proceedings in the trial court as reflected in such documents.

There are two controverted issues of fact which are to be determined upon the sufficiency of the evidence (the record of the proceedings in the trial court) to establish the allegations of the petition. The dispute is not as to the *substance*, but only as to the *effect*, of such evidence. Such issues are: (1) The petition alleges (and the answer in proper form denies all the averments) "That said Superior Court refused to hear or consider, and has not heard or considered said

motion for temporary alimony, costs and attorney's fees or said order to show cause, and has held that it has no jurisdiction to hear or determine said motion or determine whether said plaintiff is entitled to relief thereby sought and will not do so unless required by order and mandate of this Court''; (2) The petition alleges (and the answer in proper form denies the averments) ''That petitioner has no plain, speedy or adequate remedy at law; that the remedy by appeal is neither speedy nor adequate for the reason that the action of the court of which complaint is made *can only be reviewed on appeal by appeal from the judgment to be rendered in said action,* and that even if a direct and immediate appeal was allowed by law the delay would result in great and unusual hardship to petitioner and prejudice her substantial rights in the determination of her case in said Superior Court.'' (Italics added.) We find the record insufficient to sustain petitioner in either of the controverted issues.

An examination of the record discloses that petitioner filed an action for separate maintenance in the Superior Court of Los Angeles County and caused an order to show cause *in re* temporary support, etc., to be issued and served on her husband. He appeared on the date set by the order and by way of opposition to the wife's application filed his affidavit and presented exemplified records from the Circuit Court of Smyth County in the State of Virginia showing that the petitioner, previous to filing her complaint in the superior court in Los Angeles, had submitted herself to the jurisdiction of the Virginia court by filing a cross-complaint therein in a suit for divorce which had been instituted there by the husband, and that an order for petitioner's support had been made in that court and was being complied with by the husband.

As an avowed premise for making the showing of the facts above epitomized, the defendant husband filed a written motion ''to vacate, set aside and quash the order to show cause and affidavit'' and declared that he ''objects to the hearing of said order to show cause.'' The defendant's written motion specified two grounds: (1) that the superior court was ''without jurisdiction to proceed with the hearing on said order to show cause by reason of the fact that there is another action [the Virginia suit] pending between the above

named plaintiff and defendant covering the identical subject matter"; and (2) that "the matters to which the defendant Charles C. Lincoln is directed to appear and show cause are res *adjudicata*" by virtue of the Virginia proceedings. Neither of such grounds raises a jurisdictional point. ■ A plea of another action pending is merely dilatory (1 Cal.Jur. 24, sec. 4; *Conner* v. *Bank of Bakersfield* (1917), 174 Cal. 400, 402 [163 P. 353]) ■ and the defense of res judicata, while it constitutes a bar to the later action if properly pleaded and proved, does not oust the court of jurisdiction (*Rideaux* v. *Torgrimson* (1939), 12 Cal.2d 633, 638 [86 P.2d 826]; *Brown* v. *Superior Court* (1936), 13 Cal.App.2d 693, 695 [57 P.2d 965]). ■ The fact that the plaintiff was then receiving support from the defendant pursuant to a court order was, however, material evidence upon the hearing. (See *Smith* v. *Smith* (1905), 147 Cal. 143 [81 P. 411].) The order to show cause came on for hearing upon the complaint and plaintiff's affidavit upon which the order had been issued, and upon defendant's showing in opposition as heretofore set forth.

■ After receiving the evidence of the parties, as above related, the superior court made an order which is reflected in its minutes as follows: "Order to Show Cause re Alimony Pendente Lite, Costs, Attorney's Fees and Restraining Order *comes on for hearing:* plaintiff is present with her attorney, Roger Marchetti, and defendant is also present *with his attorney, Jerry Giesler, who appears specially on the Motion to Quash.* Defendant's Motion to Quash *and Dismiss* is granted." (Italics added.) Petitioner now contends that the trial court, by the action above related, *refused to exercise its jurisdiction* to hear and determine the order to show cause, and seeks the mandate of this court to compel the superior court "at a specified time and place, to set said order to show cause . . . for immediate hearing and to determine said matter on its merits." The answer to petitioner's demand is that the superior court *has exercised its jurisdiction* and has conducted a hearing on the merits. Whether its order was erroneous is not now before us.

It is patent in the record that the superior court had jurisdiction of the cause and of the parties. It is likewise patent that the court exercised that jurisdiction by issuing its order directing the defendant to appear and show cause why he should not be required to make the payments and do the things recited in the order, by conducting the hearing on the order, by receiving and considering evidence, and by entertaining and granting a motion to dismiss. The defendant

complied with the order to show cause by appearing and making the showing above narrated in opposition to petitioner's application. If the superior court had made an order in language to the effect that "plaintiff's application for alimony pendente lite, etc., is denied," or that "the order to show cause is discharged," this proceeding in mandamus probably would never have been instituted as it would have been unmistakably apparent that the court had entertained and passed on the plaintiff's application. However, by reason of both the form of defendant's motion to quash and the language of the court's order, the action actually taken by the court is confusingly portrayed. But the fact remains that the court did exercise jurisdiction in the premises when it (1) issued the order to show cause, (2) conducted the hearing thereon, receiving and considering defendant's evidence as to the Virginia court suit, as well as plaintiff's affidavit and her complaint, and (3) entertained the motion for and made its order dismissing the proceeding.

The petition herein discloses that in addition to the written motion to quash the order to show cause the defendant, through his counsel, made an oral motion to *dismiss* the proceeding and that such motion to dismiss was granted. If the defendant in the trial court had confined himself to an objection to the proceeding therein, on the ground of want of jurisdiction, and if that court had merely sustained such objection and *left the proceeding still pending,* we should have an essentially different case: there would then appear a failure to exercise jurisdiction. But on the showing made the superior court did not stop there. Upon defendant's application it *dismissed* the proceeding. The effect is the same, so far as this mandamus application is concerned, as though the suit had been dismissed. ■ An application for temporary alimony, while not a separate suit, is a collateral proceeding within the basic suit (1 Cal.Jur., p. 960, sec. 16) and is a proceeding for a separate judgment, independent of the final judgment in the action (*Robbins* v. *Mulcrevy* (1929), 101 Cal.App. 300, 301 [281 P. 668] ; *Biltmore Drug Store* v. *Superior Court* (1929), 101 Cal.App. 363, 365 [281 P. 710]). ■ That the trial judge in the case here involved may have *believed* that the Virginia court had exclusive jurisdiction is inconsequential. A mere belief in an erroneous proposition of law cannot oust a court of jurisdiction and does not establish a refusal to act. If the trial court here had *acted* in ac-

cordance with such a belief and merely sustained an objection to proceeding with the hearing, we should have a proper factual base, jurisdictionally, for the intervention of mandate. But we are concluded on this phase of the case by the fact that the court, regardless of what its *theory* may have been, in the *action it took* exercised its jurisdiction. Obviously, petitioner's allegation that the trial court refused to and did not hear, consider or determine her application for temporary alimony, etc., is not supported by the record.

As to the second controverted issue of fact, that petitioner (plaintiff in the suit) has no plain, speedy or adequate remedy at law, the record likewise fails to sustain the averments of the petition. In fact, the petition itself is defective in this averment. The general allegation is qualified by the limited and specific one ''that the remedy by appeal is neither speedy nor adequate *for the reason* that the action of the court of which complaint is made *can only be reviewed on appeal by appeal from the judgment to be rendered* in said action, and that even if a direct and immediate appeal was allowed by law the delay would result in great and unusual hardship to petitioner and prejudice her substantial rights in the determination of her case.'' (Italics added.)

The first proposition declared in the above-quoted excerpt from the petition falls as a matter of law. Contrary to the allegation, an order denying an application for temporary support and suit money, etc., is directly appealable. (1 Cal. Jur., p. 966, sec. 20, and p. 993, sec. 47; *White* v. *White* (1890), 86 Cal. 212, 213 [24 P. 1030].) It is regarded as a final judgment. (*Robbins* v. *Mulcrevy* (1929), *supra,* 101 Cal. App. 300, 301; *Biltmore Drug Store* v. *Superior Court* (1929), *supra,* 101 Cal.App. 363, 365.) The order dismissing the order to show cause proceeding is the equivalent of an order denying the application and as such must be regarded as a final judgment in that proceeding for purposes of appeal (see 9 Cal.Jur. 524, sec. 16; *Dowling* v. *Polack* (1861), 18 Cal. 625, 628; *Associated Oil Co.* v. *Mullin* (1930), 110 Cal.App. 385, 391 [294 P. 421]). Furthermore, the proceeding in the instant case included an application for an injunction. The dismissal constituted a denial of that application and was appealable under the terms of section 963 of the Code of Civil Procedure specifically applicable to injunction proceedings. (See *Associated Oil Co.* v. *Mullin, supra.*)

The second or alternative proposition, averred in the

above-quoted excerpt from the petition, "that even if a direct and immediate appeal was allowed by law the delay would result in great and unusual hardship to petitioner and prejudice her substantial rights in the determination of her case," appears to be no more pertinent to the delay ensuing from an appeal than it is to the delay which is ordinarily entailed in a proceeding for a writ of mandate. It does not appear that mandamus would be any more efficacious than appeal in mitigating the hardship or averting the prejudice. No sound basis has been shown for concluding that petitioner's remedy by appeal is not plain, speedy and adequate. If we hold that she is entitled to a writ of mandate upon the showing here, we shall be laying the foundation for the contention that, regardless of the availability of a remedy by appeal, a party is entitled to the writ to correct errors at law in the trial of a case where the court in the exercise of its jurisdiction erroneously grants a nonsuit or excludes pertinent evidence or misconstrues a statute. We reaffirm that "Mandamus may not be resorted to as a substitute for an adequate legal remedy by appeal or otherwise." (*Andrews* v. *Police Court* (1943), 21 Cal.2d 479, 480 [133 P.2d 398].)

Notwithstanding the fact that the averments of her petition are not supported in the material elements noted above, petitioner contends in effect that the trial court egregiously erred in its rulings of law on the hearing, that it abused its discretion in granting the motion to dismiss, and that such errors may properly be corrected by mandamus. As support for this proposition she relies principally on the case of *Mac-Pherson* v. *Superior Court* (1937), 22 Cal.App.2d 425 [71 P.2d 91]. In that case the proceeding in the trial court was an order to show cause *in re* contempt for failure to deliver custody of children to the plaintiff in obedience to a prior order. The defendant there attempted to appear specially by his attorneys to object to the jurisdiction of the court, but filed two motions, one for the purpose of striking out certain portions of the "Petition for Order to Show Cause and the affidavit in support" thereof on the ground that such portions were "irrelevant, immaterial, surplusage, sham and conclusions of law," and the other "for the purpose of moving to quash and/or dismiss and/or strike Order to Show Cause and Petition and Affidavit . . . and to quash service of Order to Show Cause." Obviously, each of the two motions *asked* the court for some relief which could be granted only by the

exercise of general jurisdiction over both the cause and the parties, and it was correctly held that the defendant by *asking* such relief submitted himself to the jurisdiction of the court. That court, however, held that it had no jurisdiction over the person of the defendant and apparently granted the motion to *quash the service* of the order to show cause. *It does not appear that any other relief was granted by the trial court.* Therefore, while in that case the defendant subjected himself to the court's jurisdiction by the relief he *asked,* the court by limiting the relief it *granted* to the jurisdictional point, created a situation where mandamus was an available remedy, viz., to compel it to exercise the jurisdiction which it possessed but refused to exercise. It may be noted that the question as to whether an appeal was the appropriate remedy is not discussed in that case and apparently no contention was (or properly could have been) made that the criticized order was appealable.

Another case relied upon by petitioner is *Smith* v. *Superior Court* (1937), 21 Cal.App.2d 160 [69 P.2d 176]. That case also was an application for a writ of mandamus and an issue of fact seems to have been raised and disposed of in the District Court of Appeal. That court, at page 163, says that at the hearing in question "it was urged that the superior court had no jurisdiction to make the order . . . and the said order was beyond the jurisdiction of the court. Thereupon the superior court *sustained said objections* and held that the order was beyond the jurisdiction of the court, and refused to enforce the order . . ." (Italics added.) Furthermore, depicting what it found to be the factual basis for its conclusion, it said: "It is the contention of respondent in regard to the foregoing that the court did not hold that the order of July 14, 1936, was beyond the jurisdiction of the court, but alleged that the court *did hear the matter* and found that defendant was not guilty of contempt and dismissed said proceeding. *With this contention we do not agree.*" (Italics added.) The opinion then quotes from a memorandum of the trial judge, which apparently was included in the record, and construes such memorandum as a holding by the court that it was without jurisdiction. The District Court of Appeal also construed the order of the trial court "that the pending contempt proceedings be dismissed," coupled with the memorandum opinion of such trial court, as evidence that it "did not hear and determine the contempt proceedings, but expressly refused

to hear the same. . . ." Thus, in the light of the factual inferences it drew, its decision on the law is not in conflict with our views. It will be noted, also, that the matter involved was a contempt proceeding, and that there was no contention that the attacked order was appealable.

■ On behalf of petitioner it is also argued, in effect, that even if the trial court did exercise (and act within) its jurisdiction in the premises, nevertheless its action in dismissing the proceeding upon the showing made was error, and that such error properly can be corrected by mandate because the order was an abuse of discretion and mandamus is a proper remedy for controlling a lower court in the exercise of its discretion. Assuming, as contended for by petitioner, that the order did constitute an abuse of discretion, such circumstance does not by itself make mandamus a proper remedy. It is only when an abuse of discretion is manifest that a trial judge's order respecting temporary alimony, suit money, etc., will be disturbed *on appeal*. (See 1 Cal.Jur., p. 966, sec. 20, and p. 994, sec. 47; *Rose* v. *Rose* (1895), 109 Cal. 544, 546 [42 P. 452]; *Smith* v. *Smith* (1905), *supra*, 147 Cal. 143, 145; *Stewart* v. *Stewart* (1909), 156 Cal. 651, 656 [105 P. 955].)

As to *mandamus* as a means of controlling a lower court in the exercise of its discretion, it was declared in *Hilmer* v. *Superior Court* (1934), 220 Cal. 71, 73 [29 P.2d 175], that "It is well settled that *mandamus* will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way." Such statement approaches being paradoxical in its implication that any area of discretion remains when "it can be legally exercised in but one way." The quoted statement is followed by the court's interpretation of its own language, "Stated differently, a court can be compelled to act, but having acted, its act cannot be reviewed on *mandamus*." ■ It thus appears that the crux of the holding is that by *mandamus* a lower court may be compelled to act *jurisdictionally* but cannot by that means be compelled to act *correctly*. At least where there is a remedy by appeal, as long as it acts within, and does exercise, its jurisdiction, an erroneous act equally with one which is legally correct gives it immunity from control by mandamus. The doctrine from the Hilmer case above quoted was reiterated by this court in *O'Bryan* v. *Superior*

*Court* (1941), 18 Cal.2d 490, 496 [116 P.2d 49, 136 A.L.R. 595]. Enunciating the same principle, in an earlier case (*Stearns* v. *Superior Court* (1919), 44 Cal.App. 285, 288 [186 P. 390]) the District Court of Appeal in discussing the refusal of a trial court to include a certain provision in a judgment said, ''Whether the trial court be right or wrong in so deciding is not involved in this proceeding, since if the court erroneously denies plaintiff a judgment warranted by the findings, her remedy, as in other cases, is by an appeal. No principle is better settled than that the judgment and discretion of the trial court, both as to the facts and as to the law applicable thereto, in a matter within its jurisdiction, cannot, where the aggrieved party has a plain, speedy, and adequate remedy in the ordinary course of law, be controlled by writ of mandate.''

In the case out of which this proceeding arose, the defendant's motion to dismiss and the evidence which he presented to the trial court did not constitute a mere objection to the jurisdiction of such court. On the contrary, such procedure was a challenge on the merits to the plaintiff's application and called for an affirmative exercise of jurisdiction by the court. This was not a situation where the court's discretion could ''be legally exercised in but one way'' and where there was no remedy by appeal for an error in, or abuse of, such discretion.

As shown by the record, the trial court conducted a hearing on the mooted order to show cause. It had before it and received the proofs both of plaintiff and of defendant. It considered such proofs, gave to them what it thought was their proper legal effect, and made its order dismissing the proceeding. This was, jurisdictionally, a complete trial of such proceeding. Hence, the only objects that would be attained by granting the writ applied for would be to require the trial judge (1) to *reverse* his ruling in granting the motion to quash and the motion to dismiss, and (2) to resume the hearing of the order to show cause and dispose of it either differently as to result or on a different ground. In other words, the legal objective sought to be attained by the writ is not to compel the trial court to hear and determine a cause, but rather to compel it to rehear and redetermine and reverse its ruling on a question of law in a cause it *has* heard and determined. That it might on such rehearing receive additional evidence, or give different legal effect to the evidence

it had received, is beside the point. If we issue the writ for such purposes the effect will be to make the mandamus proceeding the mere alternative or substantially the counterpart of an appeal in its overlapping functions. We are not willing to give it such scope of application, being of the opinion that the orderly and expeditious dispatch of judicial proceedings in the several tribunals of the state will best be served by preserving disparate in their respective functions, as in their origins, bases and historical objects, the ordinary legal remedy of appeal and the extraordinary equitable remedy of mandamus.

In all legal aspects petitioner's case is precisely the same as was before the District Court of Appeal in *Brock* v. *Superior Court* (1931), 119 Cal.App. 5 [5 P.2d 659]. There the trial court in refusing to grant an application for temporary support, etc., entered in its minutes the statement that its action was taken "on account of this Court not having *jurisdiction* to award temporary attorney fees, costs or support on two grounds; that the child is not within the jurisdiction of this Court, also that provisions in Section 137, Civ. Code, in re Attorney's fees, costs and support money do not apply in this case." (Italics added.) The District Court of Appeal in denying a petition for a writ of mandamus in that case said, "It thus appears that the court did not deny its jurisdiction to pass upon the application. It did pass upon and determine said application, but refused the requested allowance, because the court was of the opinion that it did not have authority to make such allowance" under the circumstances there depicted. Exactly the same statement is appropriate to the case before us.

It is a general rule that the reasons which motivate a trial court in reaching its decision are immaterial on review. As stated in 2 California Jurisprudence 810, section 476, "it is judicial action, and not judicial reasoning or argument, which is the subject of review." (See *Davey* v. *Southern Pacific Co.* (1897), 116 Cal. 325, 329-330 [48 P. 117]; *International etc. Workers* v. *Landowitz* (1942), 20 Cal.2d 418, 423 [126 P.2d 609]; *Stearns* v. *Superior Court* (1919), *supra*, 44 Cal.App. 285, 287 [186 P. 390].) It cannot be successfully urged here that the court *denied its jurisdiction* when the record shows that by the action it took *it exercised that jurisdiction.*

Petitioner's medium for presenting the points complained of lies in an appeal. The alternative writ of mandate hereto-

fore issued in this cause by the District Court of Appeal is discharged and the petition for a peremptory writ is denied.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.