[Civ. No. 10277.   Third Dist.   Feb. 13, 1962.]

GERALDINE A. SELFRIDGE, Plaintiff and Appellant, v. CARNATION COMPANY et al., Defendants and Respondents.

Bowers & Sinclair for Plaintiff and Appellant.

Fitzwilliam, Memering & McDonald and John D. Stumbos, Jr., for Defendants and Respondents.

SCHOTTKY, J.—Geraldine A. Selfridge has appealed from a judgment in favor of Carnation Company and Joseph Loomis in an action brought by her to recover for injuries sustained when a glass milk bottle she was holding broke. Nonsuits were granted Glass Containers Corporation and Owens-Illinois Glass Company. No appeal has been taken from the judgment of nonsuit so that judgment is not involved in this appeal.

It appears from the record that on October 3, 1958, Loomis, an employee of the Carnation Company, delivered two bottles of milk to Mrs. Selfridge. She testified that she met the milkman at the door to her front porch, opened the door for him, and received in her left hand a bottle of milk which instantly exploded, injuring her. She insisted that the bottle did not come in contact with any other object.

Mr. Loomis testified that he delivered two quarts of milk to Mrs. Selfridge by placing them in her hands. He then picked up two empty bottles and started to return to his delivery truck. He heard a crash, turned around and saw Mrs. Selfridge some 4 or 5 feet inside her front door and turned toward her right as if to start toward her kitchen.

Mrs. Selfridge testified that milk was splattered all over— on the walls, doors and in the hallway. The largest quantity was in the hallway. One witness said that only the bottom part of the bottle was intact. The hallway, the wall, and the floor were covered with glass.

Mr. Loomis cleaned up the area after Mrs. Selfridge. He removed and disposed of most of the broken glass. Some of

the pieces which remained were examined by a specialist in glass technology. He testified that the glass particles represented the center area of a percussion cone fracture, a fracture caused by a hard impact. He testified that the fracture was produced at the time of the original breakage. The force of the impact would have broken any bottle, even a new one. The fragments which the expert examined were not the type of fragmentation due to an explosion. If there had been any pressure in the bottle, the cap of the bottle would have left the bottle first since a milk bottle cap resists only one or two pounds of pressure.

The trial court found, *inter alia*, that "defendant JOE K. LOOMIS delivered and handed to plaintiff two glass bottles containing milk which the plaintiff had purchased from the defendant CARNATION COMPANY, a corporation, and at said time and place plaintiff took delivery and received a bottle of milk in each of her hands after defendant JOE K. LOOMIS had handed said bottles of milk to said plaintiff. It is true that after plaintiff had received the said bottles containing milk, one in each of her hands, one of said glass bottles became broken by reason of a hard impact of the bottle in plaintiff's left hand against some object. It is true that plaintiff was struck by a piece of glass causing an injury to the left wrist, and struck by a piece of glass causing an injury to the left thigh. It is not true that said milk bottle exploded; nor is it true that said bottle exploded with great force and violence.

"It is not true that said milk bottle became broken as the result of any carelessness and/or negligence on the part of defendant CARNATION COMPANY, a corporation, or defendant JOE K. LOOMIS. It is not true that defendants CARNATION COMPANY, a corporation, or JOE K. LOOMIS were negligent or careless in bottling milk so that the bottle containing milk was dangerous in any manner or form. It is not true that defendants were negligent or careless in any duty owed to plaintiff by selling or delivering to plaintiff the bottles containing milk. It is not true that said bottle containing milk contained excessive pressure or gas. It is not true that said broken bottle was defective or dangerous to handle. It is not true that said bottle was dangerous or likely to be dangerous to any person handling the same. . . .

". . . . . . . . .

"It is true that the sole proximate cause of the breaking of the bottle referred to in plaintiff's complaint was the negligence and carelessness of the plaintiff above named in

striking the bottle against some hard object, thereby causing the bottle to break. It is true that her carelessness and negligence causing the bottle to break was the sole proximate cause of the injuries which she sustained."

Appellant's first contention is that the trial court erred in not applying the doctrine of res ipsa loquitur. In this case the court was the trier of fact. The complaint alleged negligence on the part of the defendants in selling or delivering milk which on account of excessive pressure or by some defect in the bottle, or both, was likely to explode. Appellant contends that the trial court did not apply the doctrine of res ipsa loquitur and bases her argument on the court's memorandum which reads: "In my judgment the doctrine of res ipsa loquitur upon which plaintiff seeks to fasten liability on the defendants is not applicable."

■ "The conditions usually stated as necessary for the application of the principle of *res ipsa loquitur* are three: (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." (Prosser on Torts (2d ed.), p. 201.)

■ "This doctrine . . . may be relied upon to establish a prima facie case of negligence 'where a thing [which causes injury] is shown to be under the exclusive management or control of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care. In such cases an inference arises that the accident resulted from a want of care on the part of the defendants.' The doctrine does not apply unless the basic requisites of exclusive control and probability of negligence are proved by plaintiff." (*Honea* v. *City Dairy, Inc.*, 22 Cal.2d 614, 616-617 [140 P.2d 369].)

If the instant case had been tried to a jury instead of by the court without a jury, appellant would no doubt have been entitled to an instruction on res ipsa loquitur. ■ However, the instant case was tried by the court and the court found specifically, as hereinbefore set forth, that the bottle did not explode; that it became broken by reason of a hard impact of the bottle in plaintiff's left hand against some object; that the sole proximate cause of the breaking of the bottle was the negligence and carelessness of plaintiff in striking the bottle against some hard object, causing it to

break; and that there was no negligence on the part of defendants. These findings are amply sustained by the evidence, and the court's statement in its memorandum opinion that the doctrine of res ipsa loquitur was inapplicable must be construed as meaning that the court after weighing the testimony found contrary to the evidence of plaintiff and therefore the doctrine could not be applied to the facts as found by the court.

Furthermore, it is well settled that it is judicial action and not judicial reasoning or argument which is the subject of review (*Lincoln* v. *Superior Court,* 22 Cal.2d 304, 315 [139 P.2d 13]) and oral opinions or statements of the court may not be considered to reverse or impeach the final decision of the court which is conclusively merged in its findings and judgment. (*Birch* v. *Mahaney,* 137 Cal.App.2d 584, 588 [290 P.2d 579] ; *Stone* v. *Los Angeles County Flood Control Dist.,* 81 Cal.App.2d 902 [185 P.2d 396] ; *DeCou* v. *Howell,* 190 Cal. 741, 751 [214 P. 444].)

Appellant attacks certain findings of the trial court but her argument is mainly one as to the sufficiency of the evidence. The evidence, while conflicting, is ample to support the findings and judgment. Issues of fact are determined in the trial court.

No other points raised require discussion.

The judgment is affirmed.

Peek, P. J., and Pierce, J., concurred.