[Civ. No. 55933. Second Dist., Div. Five. Oct. 16, 1979.]

PETE GILLIAM, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Larry H. Layton for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Burt Pines City Attorney, Rand Schrader and Jack L. Brown, Deputy City Attorneys, for Real Party in Interest and Respondent.

## OPINION

**STEPHENS, J.**—Defendant appeals from the Los Angeles Superior Court's denial of his petition for a writ of mandate.

### STATEMENT OF FACTS

Defendant was charged in a misdemeanor criminal complaint with violation of Vehicle Code section 23102, subdivision (a), driving while under the influence of alcohol, and with two other violations. The two other violations were later stricken. The charges stemmed from an accident occurring February 14, 1978, in which defendant's vehicle hit a vehicle parked in a private lot. The defendant's version of the accident, according to the probation report, was that he had consumed two 6-packs of beer while watching television at home and had wanted more to drink while watching the 9 o'clock movie. He drove to the liquor store and was involved in the accident. He felt that he was not drunk. The breathalyzer test, according to the probation report, indicated a .24 percent blood alcohol level. The probation report also quoted defendant as saying that he usually drank a six-pack of beer a day, sometimes a half case, and that he used beer like others used tranquilizers.

On May 17, 1978, the matter appeared before Division 102 of the Los Angeles Municipal Court. As a result of plea bargaining, the People moved to amend the complaint to include a violation of Vehicle Code section 23103, reckless driving. The court allowed the amendment and explained its effect to the defendant. The defendant entered a plea of nolo contendere to this charge and waived his rights. The court then discussed the probable sentence: a formal, supervised probation of at least two years; a maximum of three days in county jail; a fine; other conditions of probation having to do with treatment but unascertainable prior to the court's reading the probation report. The defendant indicated that he understood the conditions and wished his plea to stand. The probation and sentencing hearing was set for July 5, 1978. At that hearing, defense counsel asked the court to reconsider imposing jail time

because a prior conviction for violation of Vehicle Code section 23103 was not as recent as previously thought and said, "[A]s far as his alcohol problem, your Honor can make whatever he deems a proper condition of probation as to treatment." The court replied that the jail time was an appropriate condition in this case and gave the following sentence: "Probation is granted. The defendant is sentenced to 90 days in the county jail, suspended; he's placed under the care and supervision of the probation officer for a period of three years; to follow all orders of the Court and the probation officer and report as directed; and on the additional conditions that he spend the first three days in the county jail; that he make restitution through the probation officer in such amounts and manner as such officer shall prescribe; that he pay a fine of $100 plus penalty assessment through the probation officer in such manner as such officer shall prescribe; that he abstain from all alcoholic beverages and stay out of places where they are the chief item of sale; and he maintain a residence as approved by the probation officer; that he obey all laws, orders, and regulations of the probation department and of the Court; that he not drive a motor vehicle until properly licensed to drive, and then only when public liability and property damage insurance has been obtained and evidence thereof shown to the probation officer."

Defense counsel objected to the condition that defendant abstain from all alcoholic beverages and stay out of places where they are the chief item of sale. The court responded that the probation report showed the defendant's problem was alcohol and that the condition was the best way to deal with that problem. Defense counsel objected that this condition had not been explicitly mentioned in the plea bargaining conference. On defense counsel's request, the court then granted a 60-day continuance to the sentencing to allow defense counsel to file a petition for a writ of mandate and stated that the defendant had not been sentenced. (A further continuance has been granted pending the outcome of this appeal.) The court made clear that the sentence would be exactly the same as stated unless there was a contrary order from a higher court.

On August 4, 1978, defendant filed a petition for a writ of mandate in the Los Angeles Superior Court to compel the trial court to impose only the explicitly detailed probation conditions. On August 11, 1978, the petition was considered and denied on the merits. Defendant appeals that denial on the basis that the condition denies his right to privacy under the Constitution of the State of California and denies his First Amendment rights under the Constitution of the United States and his right to freedom of speech and association under the Constitution of the State of California.

## DISCUSSION

█ Respondent's brief raises the initial issue of jurisdiction. It argues that the superior court was without jurisdiction to consider the petition on its merits, that its order is, therefore, not appealable and that this appeal should be dismissed under *People* v. *Langdon* (1967) 250 Cal.App.2d 595 [58 Cal.Rptr. 546]. Respondent points out that mandamus is available to make a court act jurisdictionally but not to make a court act correctly when an appeal is available from a court's erroneous act (*Lincoln* v. *Superior Court* (1943) 22 Cal.2d 304, 313 [139 P.2d 13]). Therefore the writ of mandate would lie to make the court exercise its sentencing duty but not to direct the content of the sentence.

Defendant counters this argument by claiming that mandate will lie when the remedy at law is inadequate and that, because constitutional rights are at stake or because there will be a chilling effect on defendant's exercise of his constitutional rights, the remedy at law is automatically inadequate. This is not the law.

█ A condition of probation which requires a defendant to give up a constitutional right is not per se unconstitutional (*People* v. *Mason* (1971) 5 Cal.3d 759, 764-765 [97 Cal.Rptr. 302, 488 P.2d 630]).[1] Thus, under the appropriate facts, the court has found conditions of probation to be valid which require a defendant to submit to warrantless searches (*People* v. *Mason, supra*), to refrain from association with certain groups of people (*People* v. *Mills* (1978) 81 Cal.App.3d 171 [146 Cal.Rptr. 411]), or which limit a defendant's conduct (*People* v. *King* (1968) 267 Cal.App.2d 814 [73 Cal.Rptr. 440]). █ In evaluating the validity of a condition of probation the issue is not the impact of the condition on the defendant's constitutional rights but its ability to meet the standard set forth in *People* v. *Dominguez* (1967) 256 Cal.App.2d 623 [64 Cal.Rptr. 290] and reaffirmed in *People* v. *Lent* (1975) 15 Cal.3d 481 at page 486 [124 Cal.Rptr. 905, 541 P.2d 545]: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was

---

[1] *Mason* was disapproved insofar as it stated the proper standard for evaluating the validity of a condition of probation in the disjunctive. (*People* v. *Lent* (1975) 15 Cal.3d 481, 486, fn. 1 [124 Cal.Rptr. 905, 541 P.2d 545].) The proper standard is quoted herein.

convicted or to future criminality." The standard looks first not to constitutional rights but to the facts of the case. For instance, in this case, the defendant found himself in court as a direct result of his drinking at home and then going to the liquor store for more beer. Furthermore, he stated that he usually drinks a six-pack of beer a day and sometimes drinks a half a case of beer. Under such facts, the condition that he abstain from alcohol and stay out of places where it is the chief item of sale, even if intruding on constitutional rights, is not invalid.[2] The reasoning behind this rule is the theory "that probation is a privilege and the person granted such a privilege after conviction of a crime does not enjoy the full constitutional protection of persons otherwise situated." (*In re Martinez* (1978) 86 Cal.App.3d 577, 580 [150 Cal.Rptr. 366].) ▮ The existence of a constitutional question about a condition of probation cannot, therefore, confer jurisdiction on a court to hear a petition for a writ of mandate to force the exclusion of that condition before sentencing.

Of course, there must be a plain, speedy, and adequate remedy at law or mandate will issue (Code Civ. Proc., § 1086). Under Penal Code section 1466, subdivision 2(a), defendant has the right of appeal of his sentence, and under Penal Code section 1243, he may seek an order staying the imposition of sentence pending his appeal. He may also test the constitutionality of a condition of probation on habeas corpus (*In re Allen* (1969) 71 Cal.2d 388, 389 [78 Cal.Rptr. 207, 455 P.2d 143]). Thus, after sentencing a plain, speedy and adequate remedy at law exists.

Under *Lincoln* v. *Superior Court, supra*, 22 Cal.2d 304, the superior court did not have the power to force the trial court to exclude the questioned condition. It therefore acted without jurisdiction in denying the petition for writ of mandate on its merits. Under *People* v. *Langdon, supra*, 250 Cal.App.2d 595, an order of the superior court made without jurisdiction is not appealable. This appeal is, therefore, dismissed.

Kaus, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 13, 1979.

---

[2]The propriety of such a condition of probation under federal law was decided affirmatively in *United States* v. *Miller* (9th Cir. 1976) 549 F.2d 105 [37 A.L.R.Fed. 839].