This is an appeal from a judgment revoking an order of probation which was granted *Page 330 
the appellant upon her conviction of theft of property in the third degree, for which she was sentenced to imprisonment for six months, which sentence was suspended for six months upon terms which expressly included that she "stay out of Gaylords,"[1] a department store in Mobile, where the theft of the property for which she had been convicted and sentenced had occurred. At the probation hearing, there was testimony by the security manager of Gaylords that appellant and another female were in Gaylords within the six-month probationary period, each dressed with a maternity blouse. According to the witness, the appellant was observed by him "placing some blouses up under the maternity blouse," and thereafter she headed toward the front door, then "went back to ladies wear, pulled the blouses out." The store security manager then had them go to his office, from which he called for the police and both of the females wearing maternity blouses were arrested. The store security manager further testified that when he saw appellant thereafter at the District Court she was not wearing a maternity blouse and did not appear to be pregnant. No testimony was presented on the probation hearing by appellant or by anyone else in her behalf. The store security manager was the only witness on the hearing.
We have not been provided with the exact terms of the order of probation granted defendant. The term recited by the trial judge herein as the one violated by appellant, that she should "stay out of Gaylords" or, as contained in his executed written order, that she "was not to go back into Gaylords," does not precisely accord with the charge recited in the State's Motion to Revoke Probation, which recites that "Defendant is charged with: 1, New arrest for theft of property -2." All of this may cause some concern as to whether there was compliance with due process standards and guidelines as set forth in Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975), and related cases. Nevertheless, we limit our determination herein to issues raised by appellant.
Appellant continues to take the position that she took at the hearing of the motion to revoke her probation that the "probation revocation proceeding should await the resolution of the underlying criminal charges upon which those proceedings are based." Substantially the same question has been decided adversely to appellant in a number of cases in Alabama, including the relatively recent case of Free v. State, Ala.Cr.App., 392 So.2d 857, 859, writ denied, 392 So.2d 859
(1981), in which Judge Tyson stated, supported by a wealth of authorities in Alabama and elsewhere:
 "[I]t is equally clear that neither our statute, § 15-22-54 Code of Alabama 1975, nor the Constitution requires a final conviction of probationer on the offense charged before his probation may be revoked."
The cases considering the question involve situations in which proceedings for revocation of probation were based exclusively upon the charge that the one on probation had violated a particular criminal law. It can hardly be reasonably questioned that the established principle stated in Free v. State, supra, should not apply to situations such as the one presented here, in which the term of probation that was allegedly violated was not conditioned upon the commission of any crime by appellant at the time of her return to Gaylords. Appellant was not entitled to a postponement of the proceeding for revocation of her probation until the termination of the concurrent criminal prosecution against her.
The only other insistence on a reversal is thus stated in appellant's brief:
 "That the defendant stay out of Gaylords constitutes an unconstitutional infringement of the probationer's constitutional rights." *Page 331 
We do not now attempt to pass upon whether the stated term of probation would have been an unconstitutional infringement upon a defendant's constitutional rights under circumstances entirely different from those presented in the instant case. However, we have no doubt that in this particular case such a term or condition of probation was not an unconstitutional infringement of appellant's constitutional rights in any respect. It appears without dispute and without question that, in the case in which she had been granted probation, she had been convicted of shoplifting or theft in the same store. The trial judge in that case manifested good judgment, in our opinion, in foreseeing that appellant's presence in the store within the probationary period of six months would likely provoke such a disturbance as the one that actually occurred, one that would have been prevented by compliance with the particular condition of the order of probation that appellant contends was invalid. Appellant cites no authority to support her contention. Contrary to the only argument in appellant's brief in support of it, that "it constitutes an unconstitutional burden on the probationer's freedom of movement and bears no relationship to the delineated condition of probation of Code of Alabama Section 15-22-52," we note that it is related to, though not as stringent as, condition (6) of § 15-22-52, "Remain within a specified place." Appellate courts of California have had occasion, in several recent cases, to consider the question of the validity of various conditions of probation. We agree with what was held in Gilliam v. LosAngeles Municipal Court, 97 Cal.App.3d 704, 159 Cal.Rptr. 74,77 (1979), cert. denied, 445 U.S. 907, 100 S.Ct. 1084,63 L.Ed.2d 323, and previous cases cited therein:
 "Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality."
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.
[1] The quotation is from the court reporter's transcript as to the order recited by the trial court herein in revoking appellant's probation. In accordance therewith, the name "Gaylords," will be hereafter used in referring to the store even though there are indications in portions of various documents herein that the word should be "Gaylord's," a shortened rendition of the name of the store.