[No. 12890.    In Bank. — October 25, 1890.]

GEORGE E. WHITE, RESPONDENT, v. FRANKIE WHITE, APPELLANT.

DIVORCE — ALIMONY — COUNSEL FEES — APPEALABLE ORDER. — An order denying alimony for counsel fees in an action for a divorce is appealable.

ID. — CONTINGENT FEE — ALLOWANCE FOR ADDITIONAL COUNSEL. — It is proper, in an action for divorce, to refuse alimony *pendente lite* for counsel fees for the services of an attorney who has agreed to give his services for a contingent allowance of a percentage of the property recovered as the result of the suit; but the existence of a contract for a contingent fee does not preclude an allowance of a reasonable sum for fees of other counsel not interested in the contract, whose services were necessary.

ID. — EXTENT OF ALLOWANCE — DISCRETION — PRESUMPTION — AFFIRMANCE OF ORDER. — Where the record shows that a considerable sum had been previously paid to the appellant to enable her to employ counsel, which may have justified the court in denying the order appealed from, and the appellate court cannot say that the court below abused its discretion in denying the motion for an additional allowance, it must be presumed that it was denied, upon the ground that the previous allowance was sufficient, and the order will be affirmed.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying an allowance for alimony to pay counsel fees.

The facts are stated in the opinion of the court.

*Henry E. Highton, H. C. McPike,* and *J. A. Cooper,* for Appellant.

*E. D. Wheeler,* and *Barclay Henley,* for Respondent.

BEATTY, C. J.—This is a suit for divorce, commenced by the husband. The wife filed a cross-complaint, and

the decision of the court was announced in her favor. Pending the preparation of findings, she moved for an allowance of alimony to enable her to pay counsel fees. Her motion was denied, " without prejudice," and she appeals from that order.

Respondent contends that the order is not appealable, but we think it must be held otherwise, on the authority of *Sharon* v. *Sharon*, 67 Cal. 185. With respect to the right of appeal, there would seem to be no distinction on principle between an order denying and an order granting alimony *pendente lite*. As to the merits of the case, it appears that the defendant has been represented by three attorneys, — Mr. Highton, Mr. Cooper, and Mr. McPike, — all of whom participated in the trial of the case and in the preliminary preparations. There was evidence that the services of Mr. Highton were worth from ten to fifteen thousand dollars, and those of the other two gentlemen from eight to ten thousand dollars; but it was shown that, about the time the litigation commenced, Mr. Highton and the defendant entered into a contract by which she agreed, in consideration of his services as her attorney, to pay him a certain percentage on the value of the property secured by her as a result of the litigation. In other words, his compensation was made entirely contingent on success. The existence of this agreement was a sufficient reason for refusing any allowance to pay Mr. Highton for his services as attorney. (*Sharon* v. *Sharon*, 75 Cal. 39–43.) The contract with Mr. Highton, it is true, differs in important particulars from the Tyler contract in the Sharon case, but there is no ground of distinction so far as concerns the right of defendant to receive an allowance from respondent for the purpose of paying Mr. Highton's fees. By the terms of his agreement, he was bound to perform all the services he did perform as appellant's attorney, and therefore she had no need of other means to secure their performance.

But as to Messrs. Cooper and McPike, who were employed before the making of the Highton contract, and who had no knowledge of its existence until after the trial, if their services in addition to those of Mr. Highton were necessary to the appellant to enable her properly to defend the action commenced by her husband, or to present the merits of her cross-action, the fact that Mr. Highton had contracted for a contingent fee was not in itself a sufficient ground for denying a reasonable allowance to pay them. We do not understand it to have been decided in the Sharon case that the existence of the Tyler contract precluded an allowance to the plaintiff of a reasonable amount for the compensation of other attorneys whose employment was necessary. The order in that case was reversed, because it was a judgment, or several judgments, in favor of persons not parties to the action; i. e., the several attorneys for plaintiff, including the Tylers. (75 Cal. 38, 39.) This, we say, was the ground of reversal. It is also true that the order was criticised, and would undoubtedly have been modified on other grounds. As to the Tylers, who were allowed twenty thousand dollars, it would have been wholly set aside, because their services were secured by the contract for a contingent reward. But as to the other attorneys, who had been allowed thirty-five thousand dollars, it was merely said that there appeared to have been no necessity for such an array of counsel, and that the amount allowed was excessive and beyond the discretion of the court. (75 Cal. 39, 40.) The principle decided, and the principle which runs through all the cases, seems to be that the wife in a divorce case is entitled to such allowance out of the community estate as may be necessary to enable her to maintain her rights. Her husband, who has control of the community estate, is presumed to be using it in the litigation so far as his necessities require, and she is entitled to an equal privilege. Therefore, if she needs money to enable her to

secure legal advice and assistance, she should have a suitable allowance; but if she does not need it,— that is, if she has secured attorneys by an agreement for a contingent fee, — then no allowance should be made. If she has bargained with one attorney for a contingent fee, but has need of the services of another attorney, no allowance will be made on account of the services of the former, but for the latter she will be allowed a reasonable sum.

The question, therefore, for the superior court to decide in this case was, whether the services of Messrs. Cooper and McPike, in addition to those of Mr. Highton, were necessary; and if so, what was a proper sum to be allowed for their payment. Upon this question there was but slight, if any, conflict in the evidence. The preponderance of the proof certainly was, that the services of these gentlemen were not only important, but essential, and that Mr. Highton could not have conducted the case without the assistance of one or both of them. The respondent was represented throughout the proceedings by two able attorneys, and a part of the time by three, and it does not seem unreasonable to suppose that the appellant had need of more than one. If, therefore, the appellant had been applying for the first time for an allowance to pay counsel fees, we should feel constrained to hold that the order of the superior court was erroneous.

But there is evidence in the record that the respondent had, prior to this application, already paid to the appellant the sum of $2,450 to enable her to pay counsel, and that this was more than he had paid his own counsel, and more than half of all they were to be paid. Upon this evidence the superior court would have been justified in concluding that the defendant had received all that was necessary for the compensation of her attorneys, other than Mr. Highton, or, at least, all that was necessary to secure such additional counsel as she needed.

At all events, in view of this testimony, we cannot say that the superior court abused its discretion in denying the motion. It may be true, as contended by counsel, that the decision of the superior court was in fact based upon the erroneous idea that the existence of the Highton contract was in itself an insuperable bar to any allowance for the services of other attorneys, however necessary; but this does not appear, and cannot be assumed. We find in the record matter which sustains the order, and we presume that it was made upon that ground. Moreover, as the motion was denied without prejudice, there is perhaps nothing to prevent its renewal hereafter, at which time it can be considered, unembarrassed by this question.

Order affirmed.

McFarland, J., Paterson, J., Fox, J., Thornton, J., and Works, J., concurred.