[L. A. No. 2444. Department One.—December 7, 1909.]

## GERTRUDE E. STEWART, Appellant, v. ELMORE STEWART, Respondent.

APPEAL FROM ORDER DENYING NEW TRIAL—ORDER OVERRULING DEMURRER TO CROSS-COMPLAINT.—An order overruling a demurrer to a cross-complaint is not reviewable on an appeal by the plaintiff from an order denying a new trial.

ID.—DIVORCE—DENIAL OF APPLICATION FOR COSTS.—In an action for a divorce, an order denying the wife's application for costs is appealable.

ID.—ALIMONY AND COSTS—DISCRETION—NECESSITY OF ALLOWANCE.— The awarding of alimony or costs to the wife in an action for divorce is not a matter of right, but is one resting in the sound discretion of the trial court, but before any allowance is made the wife must show the necessity of the award.

ID.—COSTS OF SUBPŒNAING WITNESSES AND TAKING DEPOSITIONS— REFUSAL TO DISCLOSE PURPOSES.—It is not an abuse of discretion for the court to refuse to make an allowance to the wife to cover the cost of subpœnaing some twenty-five or thirty witnesses and of taking the depositions of seventeen others, if the wife, at the time of her application, refuses to disclose the purposes for which they were to be called, in order to enlighten the court upon the question of the necessity of having such witnesses, or of her good faith in declaring that they were required.

ID.—REFUSAL OF CONTINUANCE OF TRIAL—DISMISSAL OF ACTION.—After the trial court has refused an application for such costs, it acted properly in compelling the parties to proceed with the trial of the divorce action, notwithstanding the wife's objection to so doing on the ground that she was without means to obtain witnesses by reason of such refusal; and upon her refusal to offer any testimony in support of her complaint, her action was properly dismissed.

ID.—COSTS OF APPEAL—DISCRETION OF TRIAL COURT.—It is within the discretion of the trial court to make an allowance to the wife to cover the costs of an appeal from a judgment of divorce rendered against her. If the trial court is satisfied, from the record before it, that the proposed appeal is not undertaken in good faith, or with reasonable belief that it has merit, the application should be denied.

APPEAL from an order of the Superior Court of San Diego County refusing a new trial, and from an order refusing an application for attorney's fees and costs on appeal in an action for a divorce. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

Wadham & Pritchard, for Respondent.

SLOSS, J.—Action for divorce. The complaint, filed by the wife, was based on the ground of extreme cruelty. The husband answered, denying the charges, and filed a cross-complaint in which he set up three grounds for divorce—

extreme cruelty, desertion, and adultery. Upon the trial, the court found in favor of the charge of adultery, and granted an interlocutory decree of divorce in favor of the husband as cross-complainant. The wife's motion for a new trial was denied, and she appeals from the order denying her said motion. She also appeals from a subsequent order denying her motion for attorney's fees and costs on appeal. There is no appeal from the judgment.

The appellant seeks, on her appeal from the order denying a new trial, to have reviewed the action of the court below in overruling her demurrer to the cross-complaint. It is urged that the charge of adultery is not sufficiently specific in its designation of the person with whom the act was claimed to have been committed. We do not agree with this contention, but even if we did, the point would not be available to appellant on an appeal from an order denying a new trial. "Upon an appeal from an order granting a new trial, only such matters can be considered as are made grounds upon which the superior court is authorized to grant or deny the motion. Neither the sufficiency of a pleading nor the action of the superior court upon a demurrer thereto, or upon a motion to strike out the pleading or any portion thereof, can be considered." (*Green* v. *Duvergey,* 146 Cal. 379, 384, [80 Pac. 234]; *Crescent etc. Co.* v. *United Upholsterers' Union,* 153 Cal. 433, [95 Pac. 871], and cases cited.)

It appears that when the cause was called for trial, the plaintiff, through her attorney, objected to proceeding on the ground that she was without means to obtain witnesses, by reason of the refusal of the court, before the time of trial, to grant her applications for orders directing the defendant to furnish her with the necessary money with which to subpœna witnesses. The objection was overruled, and the plaintiff then made the point that the issues arising on the cross-complaint and the answer thereto should first be tried. The court ruled in favor of this contention, whereupon plaintiff objected to going to trial on the cross-complaint, on the ground that she was unable to make her defense for the same reasons as those which prevented her making out a case under her complaint. This objection was also overruled. Exceptions to both rulings were noted. The cross-complainant offered evidence in support of the charge of adultery, and the plaintiff and another

witness testified in opposition. The court stated that it thought the defendant entitled to a divorce on the ground of adultery. The defendant abandoned the other grounds of his cross-complaint and the court called upon plaintiff's counsel to proceed with his case on the original complaint. This he declined to do, standing upon the objections theretofore made. Although the plaintiff was present, and that fact emphasized by the court, the attorney refused to call her or to proceed. Thereupon the court, on motion of the defendant, dismissed plaintiff's action, and granted the defendant judgment on the third cause of action (i. e., adultery), set up in his cross-complaint.

The evidence in support of the defendant's cross-complaint is not set forth, and its sufficiency to sustain the finding is not questioned. The appellant relies for reversal upon the action of the court in refusing to postpone the trial upon her statement that she was unable, by reason of prior rulings of the court, to procure witnesses. This contention involves, necessarily, an inquiry into the correctness of those prior rulings. The orders denying the plaintiff's applications for costs were themselves appealable orders (*Sharon* v. *Sharon,* 67 Cal. 185, [7 Pac. 456, 8 Pac. 709]; *White* v. *White,* 86 Cal. 212, [24 Pac. 1030]), and it is argued by respondent that the remedy for any error committed in making them was by direct appeal rather than by motion for new trial. The soundness of this position need not be passed upon at this time. Assuming, for the purposes of the present case, that the refusal to grant costs may be reviewed on this appeal from the order denying a new trial, we are satisfied that the record does not disclose error in such refusal. The proceedings on the applications for costs are set forth in a separate bill of exceptions. It appears that the first motion was for one thousand dollars additional attorney's fees, five hundred dollars costs, and seventy-five dollars per month as maintenance and support. Affidavits of the parties were offered, and the court ordered that the defendant pay the plaintiff one hundred dollars as attorney's fees. The application for maintenance was denied, and it was ordered that "no allowance for costs at this time be granted." The denial of costs was not final, and the plaintiff subsequently renewed her motion, basing it, apparently, upon the affidavit first filed. This affidavit, made by the

plaintiff herself, averred that she had a meritorious cause of action and a like defense to the cross-complaint, that she was without means; that she had given to her attorney a list of names of witnesses, whose testimony would be necessary to enable her to prosecute her action and defend against that of her husband; that it would be necessary to take the depositions of certain other persons, and that without the said witnesses and depositions she could not safely go to trial. Her inability to pay the necessary expense and the financial resources of the defendant were set forth. The affidavit names twenty-one persons, "and some five or six other witnesses," as those whose testimony would be needed, in addition to some seventeen other persons, whose depositions it would be necessary to take. The motion, upon its renewal, was denied for the reasons that "it did not appear what the testimony was that plaintiff's counsel desired to obtain, nor did it appear that any of the testimony sought to be obtained was material to any of the issues to be tried in the case, and for the further reason that plaintiff's counsel, upon being requested to do so, declined to advise the court or opposing counsel as to the character of the testimony which he expected to procure, or as to what facts any of said witnesses would testify to." These considerations fully justified the action of the court. The awarding of alimony or costs to the wife in an action for divorce is not a matter of right, but is one resting in the sound discretion of the trial court. (*White* v. *White,* 73 Cal. 105, [14 Pac. 393] ; *Langan* v. *Langan,* 91 Cal. 654, [27 Pac. 1092].) Where the marriage relation is admitted or shown by preponderating evidence (*Hite* v. *Hite,* 124 Cal. 389, [71 Am. St. Rep. 82, 57 Pac. 227]), liberality in providing for the needs of the wife, both with regard to her support and the expenses of the litigation, will be exercised. But, before any payment is claimed, the wife must show the necessity of the award. (*White* v. *White,* 86 Cal. 212, [24 Pac. 1030] ; *Loveren* v. *Loveren,* 100 Cal. 493, [35 Pac. 87].) Here the plaintiff sought, in addition to counsel fees, which were allowed, an allowance to enable her to summon some twenty-five or thirty witnesses and to take the depositions of seventeen others. Before she could call upon the defendant to pay the large expense involved, she was bound to show that such expense was "necessary to enable her to prosecute or defend

the action" (Civ. Code, sec. 137). Even after being called upon to state what these witnesses, or any of them, could establish, she declined to make any statement which might enlighten the court upon the question of the necessity of having these witnesses, or of her good faith in declaring that they were required. The court was not compelled to accept her conclusion that she needed these witnesses, and committed no abuse of discretion in refusing to make an award in the absence of a showing of the purposes for which they were to be called. No claim was made that such disclosure would have been prejudicial to her rights.

It follows that the court acted properly in compelling the parties to go to trial and in dismissing plaintiff's case upon her refusal to offer any testimony in support of her complaint. (Code Civ. Proc., sec. 581.)

Of the appeal from the order refusing to require defendant to pay plaintiff's expenses of appeal, it is sufficient to say that this, too, is a matter resting in the sound discretion of the trial court (*Gay* v. *Gay*, 146 Cal. 237, [79 Pac. 885]), and that no abuse of discretion is shown. There is no absolute right in the defeated wife to prosecute an appeal at the expense of her husband. Where the trial court is satisfied, from the record before it, that the proposed appeal is not undertaken in good faith, or with reasonable belief that it has merit (*Gay* v. *Gay*, 146 Cal. 237, [79 Pac. 885]), the application should be denied. The record in this case fully justified an adverse finding on these points.

The orders appealed from are affirmed.

Shaw, J., and Angellotti, J., concurred.