[Civ. No. 1761.   Second Appellate District.—November 13, 1915.]

## C. H. TINGEY, Respondent, v. CALLAHAN CONSTRUCTION COMPANY (a Corporation), Appellant.

APPEAL—DEMURRER TO AMENDED COMPLAINT AND MOTION TO STRIKE OUT —WHEN NOT REVIEWABLE.—The action of the trial court on a demurrer to an amended complaint and a motion to strike out portions thereof cannot be considered on an appeal from an order denying a new trial, there being no appeal from the judgment.

ID.—BILL OF EXCEPTIONS — INSUFFICIENCY OF EVIDENCE — SPECIFICA-TIONS.—Where there is no particular specification in a bill of exceptions which points out the weakness of the testimony as to any of the facts in issue, the insufficiency of the evidence to sustain the

findings cannot be considered on an appeal from an order denying a new trial.

ID.—SUFFICIENCY OF EVIDENCE—WHEN ERRORS NOT PREJUDICIAL.—In an action on a contract to do certain excavating and grading work, any errors committed by the court in excluding testimony cannot be deemed to have been prejudicial to the defendant's rights to a fair trial, when, disregarding the incompetent matter, enough remains in the record to sustain the cause of action as alleged in the amended complaint.

APPEAL from an order of the Superior Court of San Diego denying a new trial. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

A. J. Morganstern, for Appellant.

Crouch & Harris, for Respondent.

JAMES, J.—Judgment was awarded plaintiff in this action. The defendant appealed from an order made denying its motion for a new trial and presents the appeal upon a bill of exceptions.

The action was based upon a contract whereby plaintiff's assignor agreed with the defendant to do certain excavating and grading work for a specified sum per cubic yard. The cause of action was stated in brief form, it not appearing from the allegations thereof whether the contract sued upon was written or oral. The defendant by its answer, after denying that plaintiff's assignor had performed the work described in the complaint, alleged that the contractual relation between the parties depended upon a writing which was set up as an exhibit attached to the answer. In the course of the trial plaintiff was allowed leave to amend his complaint by incorporating therein the written contract as alleged by the defendant, and alleging other facts showing that the oral agreement under which the work was commenced was incorporated in the writing which was signed at a later date, but before the alleged completion of the work; that at the time the preliminary negotiations were closed it was agreed that the contract should be reduced to writing, and that the delay occasioned in that regard was because of the failure of the defendant to prepare the writing. There was a de-

murrer to this amended complaint and a motion to strike out portions thereof. However, these points cannot be considered, as no appeal was taken from the judgment. Under our practice the taking of such an appeal is necessary before questions of the kind suggested would be presented for review. (See *Stewart* v. *Stewart*, 156 Cal. 651, [105 Pac. 955], and cases therein cited.)

At the trial various exceptions were taken to the introduction of testimony, which objections are again urged in the briefs of counsel on this appeal. The general point is made that the evidence heard was insufficient to sustain the findings of the court. In the bill of exceptions there is no particular specification, as is required, which points out the weakness of the testimony as to any of the facts in issue. The objection that a sufficient specification is lacking is not answered by saying that it is the claim of appellant that there is no evidence upon which to sustain the decision of the trial court, for there is evidence as to the making of the contract and the entering upon the work, which stands undisputed and unchallenged. We may say that there is some evidence shown in the record to sustain all of the findings of the trial judge. The defendant offered no testimony whatsoever in opposition to the case presented by the plaintiff. An examination of the evidence, as the bill of exceptions presents it, shows, we think, sufficiently that the claim of the plaintiff was just and that he was entitled to enforce his demand. Any errors committed by the court in receiving testimony cannot be deemed to have been prejudicial to defendant's right to a fair trial, when, disregarding the incompetent matter, enough remains in the record, as we conclude there does, to sustain the cause of action as alleged in the amended complaint. In other words, it is not shown in this case that there has been a miscarriage of justice within the meaning of the constitutional amendment.

The order denying the motion for a new trial is affirmed.

Conrey, P. J., and Shaw, J., concurred.