[Civ. No. 4120. First Appellate District, Division Two.—February 27, 1922.]

## WILLIAM WADE ARGABRITE, Respondent, v. JESSIE LOUISE ARGABRITE, Appellant.

[1] DIVORCE—COUNSEL FEES, COSTS AND ALIMONY PENDING APPEAL—DISCRETION OF TRIAL COURT—APPEAL—PRESUMPTION.—A motion by the wife, made following the granting to her husband of a decree of divorce on the ground of cruelty, that her husband be directed to pay her money for her support pending an appeal, moneys for her expenses on appeal, and moneys to employ an attorney to present her appeal, is addressed to the sound discretion of the trial court; and on appeal from an order denying such motion, in the absence of a record showing there to be merit in the appeal, the appellate court must assume that the trial court denied the motion in the exercise of its discretion, and in particular because, in the opinion of the trial court, the wife had no just grounds for an appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing counsel fees, costs and alimony to the wife pending her appeal. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Choynski and James Raleigh Kelly for Appellant.

Perry Evans for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant for a divorce on the ground of cruelty.

The trial court granted to the plaintiff a decree; thereafter the defendant made a motion in the trial court that the plaintiff be directed to pay her moneys for her support pending an appeal, moneys for her expenses on appeal, and moneys to employ an attorney to present her appeal. The trial court refused to make an order and from the order of the trial court so refusing to make such order for maintenance, etc., the defendant has appealed. The defendant served a written notice of the time and place and nature of her motion, and thereafter made her motion for the relief above specified. At the time of the hearing of said motion the defendant read in evidence her notice of motion, and her affidavit in support thereof, and she also read in evidence the complaint, the answer and cross-complaint, the answer to the cross-complaint, an order for alimony, costs and counsel fees in the trial court, notice of intention to move for a new trial, the findings, and the judgment. In reply the defendant read his affidavit. The plaintiff's complaint is somewhat long and it will suffice for the purposes of this opinion to state that it purports to charge acts of extreme cruelty, specifying the nature of the acts and the time and place of the commission of said acts, and which acts extended over a period of time 1914–1917, both dates inclusive. The findings of the trial court were in favor of the plaintiff and found the facts in plaintiff's favor in the language of the plaintiff's complaint. The allegations of the defendant's cross-complaint purported to plead a cause sounding in extreme cruelty, and enumerating acts covering the same period as the complaint. The trial court's findings were in favor of the plaintiff and against the defendant, and the findings were in accordance with the answer of the plaintiff to the defendant's cross-complaint. In the defendant's affidavit she set forth that the income of the plaintiff was $350 per month, and in his affidavit the plaintiff set forth that his income was $215 per month. In her affidavit the defendant set forth, among other things, an affidavit of merits. The foregoing constitutes the evidence that was placed before the trial court on the hearing of the motion, which was denied. It is recited in the findings, and also in the judgment, that the case in chief was tried before the trial judge sitting without a jury; that plaintiff appeared by his attorney and the defendant appeared by her

attorney; that the issues presented by the above-mentioned pleadings were tried out and that evidence, both oral and documentary, was introduced. One of the disputable presumptions of law is that a judicial record when not conclusive does still correctly determine or set forth the rights of the parties. In the face of that presumption, when the motion in question was made, and the portions of the judgment-roll enumerated above were offered in evidence, a *prima facie* showing was made that a proper judgment had been rendered against the defendant and that she had no meritorious defense. True she offered her affidavit of merits, but that affidavit of merits certainly had no more force and effect than the verified answer and cross-complaint which was more complete and specific than the affidavit of merits. No paper was introduced and no showing was made, either in the trial court or in this court, regarding errors in the reception and rejection of evidence or error, of any other nature. There is not, therefore, anything in this record to show that the trial court abused its discretion in denying the defendant's motion. **[1]** It is the settled law of this state that such a motion is addressed to the sound discretion of the trial court. (*Stewart* v. *Stewart,* 156 Cal. 651, 656 [105 Pac. 955].) The appellant cites numerous cases, such as *Bruce* v. *Bruce,* 160 Cal. 28 [116 Pac. 66]. Those authorities are not helpful. They are all cases in which the trial court granted the motion and all of them are to the effect that the trial court did not abuse its discretion in granting the motion. They do not deal with orders refusing to grant the motion. The one case that is slightly in point is *Coleman* v. *Coleman,* 23 Cal. App. 423 [138 Pac. 362]. But that record differs materially from the record that is before the court in the instant case. In that case the record contained three appeals; an appeal from the judgment, an appeal refusing to allow the appellant to file a notice of intention to move for a new trial after the time for the filing of such notice had expired, and the third appeal being from an order denying plaintiff alimony, etc. The court disposed of the appeals in the order stated. When it came to the last one it had already decided that the trial court had erred in rendering the judgment it rendered on the merits. In short, the court had a record before it showing there was merit in the appeal. We have no such

record before us. Nothing to the contrary appearing, it must be assumed on appeal that the trial court denied the motion of the defendant in the exercise of its discretion, and in particular because, in the opinion of the trial court, the defendant had no just grounds for an appeal.

The order appealed from is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.