[Civ. No. 13413. First Dist., Div. Two. July 2, 1948.]

GLADYS ROZZI, Appellant, v. GILDO ROZZI, Respondent.

Joseph F. O'Malley for Appellant.

R. A. Rapsey for Respondent.

NOURSE, P. J.—This is an appeal in a divorce action from that part of the judgment of the trial court awarding and disposing of the community property and from an order denying plaintiff's motion for an order allowing her counsel fees on appeal.

Plaintiff, Gladys Rozzi, and defendant, Gildo Rozzi, were married in June, 1934, and separated October, 1944. On June 29, 1945, plaintiff filed her first amended complaint for divorce on the grounds of extreme cruelty. Defendant cross-complained, pleading specially their interests in community property including an interest in the Model Appliance and Furniture Store operated in partnership by defendant and his brother.

The interlocutory decree divided the community property as follows: To the plaintiff, the home and household furniture; to the defendant the balance of the community property consisting of moneys in savings and commercial accounts; War Savings Bonds; moving picture camera with projector; an airplane; one 1940 Plymouth four-door sedan; a Dodge truck; insurance policies of no surrender value; and impliedly a two-thirds interest in the Model Appliance and Furniture Store.

The facts, as to the issue of community property, are: Plaintiff was awarded the home and furniture valued at $12,500 and also $125 a month alimony. Defendant was awarded what was intended to be a two-thirds interest in the partnership, a two-thirds interest in bonds belonging to the partnership, an airplane and cash in bank, all estimated to be worth about $12,538. The value of the home and furniture was undisputed. The value of the various interests awarded to defendant was speculative and uncertain. The plaintiff offered no proof regarding the value of any of the properties assigned to the defendant, and we cannot say on this state of the record that the trial court erred. Though it is the rule that the innocent wife is entitled to more than one-half of the community property, when the divorce rests on cruelty, the difference between true value and speculative value is well recognized. On appeal the reviewing court is not required to guess that one party really got more "value" through the award when there is no evidence to support it. To state the proposition differently—a reviewing court will not go out to search for error, and error will not be presumed from the fact that the appellant lost the case on the trial of

the issues. Error on appeal is never a matter of mere conjecture. For us to hold that error was committed here it would be necessary to determine, as a fact, that the speculative estimates placed on the properties awarded the respondent represented a "value" equal or in excess of the value of the properties awarded appellant.

Appellant argues that the court erred in treating respondent's brother as a partner in the business. The evidence is that respondent took in his brother as a partner on a contract by which the latter was to work without salary until the wages earned would equal a one-third interest in the business. This was not a fraudulent transfer of an interest in community property without consideration. The services performed by the brother were some consideration—whether adequate is not disclosed because appellant offered no evidence.

Some confusion arises from the ambiguity of the findings relating to the portion of the personalty awarded to respondent. In a minute order entered January 25, 1946, following a hearing without a court reporter, a decree was ordered for appellant granting her alimony and attorney's fees and directing "The airplane, business, monies in bank, movie camera and personal property in his possession awarded to defendant." In the findings filed June 20, 1946, the community property awarded to respondent was found to consist of "moneys in savings and commercial accounts . . . one-third of which however is the property of (respondent's brother) . . . War Savings Bonds; (and other personal property) . . ." Immediately following this it was found that all this property should be awarded to respondent, including his "interest" in the partnership. In the interlocutory decree filed July 8, 1946, the respondent was awarded "moneys in savings and commercial accounts; War Savings Bonds; moving picture camera with projector; an airplane; one 1940 Plymouth four-door Sedan automobile; a Dodge Truck; insurance policies of no surrender value; and the Model Appliance & Furniture Store at South San Francisco, California."

The decree was defective in awarding respondent the whole of the partnership interest since the findings and undisputed evidence disclose that he owned but two-thirds of it. It was also defective and uncertain in its inclusion of the simple expression "War Savings Bonds." No finding was made as to the amount of war bonds held by the com-

munity. The undisputed evidence was that bonds of the value of $9,000 had been acquired by the partnership during the prosperous war years, but that they had been sold and the proceeds returned to the business. No evidence was offered tending to show that any of these bonds were in the possession of respondent at the time of the trial. And the evidence was also undisputed that respondent's brother owned one-third of the partnership (and hence one-third of the bonds if any were still held by the partnership as well as one-third of the partnership assets). In the concurring opinion filed herein it was erroneously assumed that the value of these bonds held at the time of the trial was $9,000, whereas there was no evidence of such value.

It would serve no purpose to reverse the cause for further proceedings since the evidence is undisputed and the error, if material, is clearly a result of carelessness in the preparation of the findings and decree.

The cause is therefore remanded to the trial court with directions to amend its findings so as to find that the community property consists (in addition to that heretofore found) of a ''two-thirds interest in the partnership business and assets including the War Savings Bonds, if any were held by the partnership'' and that the interlocutory decree be amended nunc pro tunc accordingly. Since blame for the confusion in the findings and decree seems to rest on respondent, the appellant should have her costs on this appeal.

The further point is raised that the court erred in denying appellant counsel fees on this appeal. From what we have said it is apparent that the appeal was not meritorious and that appellant could not anticipate any material relief from a reversal of the decree. The errors referred to affected the respective rights of the respondent and his co-partner only. Hence there was no abuse of discretion in denying appellant additional counsel fees on this appeal. *Argabrite* v. *Argabrite*, 56 Cal.App. 650 [206 P. 81].

The order is affirmed. The decree is reversed with the directions heretofore noted.

Goodell, J., concurred.

DOOLING, J.—I concur.

The appellant relies on the rule often repeated in the decisions that when a divorce is granted on the ground of adultery

or extreme cruelty the innocent spouse is entitled to more than one-half of the community property. (*Arnold* v. *Arnold,* 76 Cal.App.2d 877 [174 P.2d 674] and cases cited at p. 884.)

The appellant was awarded the home and furniture, valued at $12,500. The respondent was awarded the balance of the community property described in the decree in the following language:

"Moneys in savings and commercial accounts; War Savings Bonds; Moving picture camera with projector; an airplane; one 1940 Plymouth four-door Sedan automobile; a Dodge truck; insurance policies of no surrender value; and the Model Appliance and Furniture Store at South San Francisco, California."

The moving picture camera with projector may be disregarded since the record shows a stipulation that it is the separate property of respondent. The only evidence of the value of the community property was given by the respondent. I cannot agree that it was speculative. It was explicit and must be taken as true against him on this appeal. His testimony was that the bank accounts aggregate $4,959; that the business has a value of $2,800; that the airplane's value is $1,500; and that war savings bonds of the value of $9,000 had been converted to cash. He further testified that by an arrangement with his brother the brother had acquired a one-third interest in the business and its proceeds, which included the bank accounts and the proceeds of the bonds. He also testified that the value of the home and furniture was $12,500.

The trial court found that one-third of the bank accounts was the property of the brother but failed to make a like finding with regard to the business and the bonds or their proceeds. Taking the findings literally the community property awarded to respondent consisted of two-thirds of the bank accounts amounting to $3,306; the business (assuming the automobile and truck to be included in its value), $2,800; the airplane, $1,500; and the proceeds of the war savings bonds (described in the findings and decree as "War Savings Bonds"), $9,000. This totals $16,606 as against $12,500 awarded to appellant.

It is obvious however that in its findings the trial court ignored the only evidence on the subject in failing to find that only two-thirds of the business and two-thirds of the war bonds belonged to the community. If the findings are amended to conform to the proof in this regard the total value of the community property awarded to respondent amounts to

$12,672. This amount is so close to the $12,500 awarded to appellant that we may properly treat the division of the community property as having been in an equal amount to each party.

In addition to awarding the house and furniture to appellant the court awarded her $125 per month for her support and the support of the two minor children of the parties. In *Marshall* v. *Marshall*, 196 Cal. 761 at page 765 [239 P. 36] it is stated that the court may "award alimony in lieu of a division of the property." It is also said in *Arnold* v. *Arnold*, *supra*, 76 Cal.App.2d 877 at page 881: "The rule drawn from the cases hereinafter cited is that the greater the offense the larger the proportion of the community property that must be awarded to the innocent spouse;—where the acts of cruelty are of a flagrant character and have extended over a long period of time the portion of the community property awarded to the nonoffending party should be greater than if the acts were more trivial yet sufficient to warrant the granting of a divorce."

The acts of cruelty proved in this case were not of a flagrant character, consisting almost entirely of the respondent's absenting himself from their home without appellant's consent. Since no appeal was taken by respondent we must assume their sufficiency to support the decree of divorce but they are little more than barely sufficient for that purpose.

The court was doubtless bound to make an award of support money for the children but it could have denied any alimony to appellant and I am satisfied to concur in the conclusion of this court on the ground that no abuse of discretion is shown, in view of the relatively innocuous acts of cruelty proved, in dividing the community property equally and making, in lieu of a greater award, an order for the payment of alimony to the wife.

The evidence shows that the respondent entered into an agreement with his brother by which a one-third interest in the business and its proceeds was transferred to the brother in consideration of services rendered by the brother to the business. There is no showing that this arrangement was not made in good faith or that it was unfair to the community.

A petition for a rehearing was denied July 31, 1948, and appellant's petition for a hearing by the Supreme Court was denied August 26, 1948.