[Civ. Nos. 14530, 14554. First Dist., Div. Two. Apr. 2, 1951.]

MADELINE I. CESENA, Appellant, v. EARL CESENA, Respondent.

Crabbe & Streiff for Appellant.

J. Thaddeus Cline for Respondent.

NOURSE, P. J. — The plaintiff in an action for a divorce brings two appeals — the first from an order refusing to vacate the final decree and to hold the defendant in contempt of court for an alleged failure to comply with the terms of the interlocutory decree, and denying plaintiff counsel fees in connection with the hearing of the order to show cause; the second from an order denying counsel fees to plaintiff for prosecuting such appeal. The only debatable question raised is whether the trial court abused its discretion in denying plaintiff counsel fees in relation to the hearing on the order to show cause *in re* contempt.

The main appeal from the order refusing to adjudge defendant guilty of contempt is not open to debate since section 1222 of the Code of Civil Procedure makes such judgment, or order, "final and conclusive." (5 Cal.Jur. Contempt, § 49, p. 954; *Thomas* v. *Thomas*, 4 Cal.App.2d 317 [40 P.2d 581].)     Insofar as that appeal relates to the denial of the motion to abate the final decree it is frivolous since the property rights of the parties were settled in the interlocutory decree. Hence the trial court could not, by setting aside the final decree, readjudicate the rights of the parties in the community property. (*Estate of Hughes*, 80 Cal.App. 2d 550, 555 [182 P.2d 253].)

    However, the notice of appeal also designates the refusal of the trial court to award to plaintiff fees "in connection therewith," i.e., the hearing on the order to show cause *in re* contempt. The final decree of divorce was granted July 20, 1948. The order to show cause *in re* contempt was

filed December 18, 1948. Assuming for the purpose of the decision only that the trial court had jurisdiction to award counsel fees when no "action for divorce is pending" (Civ. Code, § 137) it must be conceded that the power to grant such fees rests in the discretion of the trial court. (*Kellett* v. *Kellett*, 2 Cal.2d 45 [39 P.2d 203]; *Perry* v. *Perry*, 93 Cal. App.2d 720, 728 [209 P.2d 847].) There is no showing here that the trial court abused that discretion since the contempt proceedings were not founded on any justiciable ground.

On the second appeal where appellant seeks counsel fees and costs on the appeal little need be said. Since the portion of the appeal relating to the contempt order was from a nonappealable order and the portion seeking to abate the *final* decree was frivolous, no counsel fees should have been allowed. If appellant had limited her appeal to the only portion of the order appealable—the denial of counsel fees—the costs and expenses of prosecuting the appeal would have been greatly limited. The awarding of counsel fees and costs on appeal is within the discretion of the trial court. (*Argabrite* v. *Argabrite,* 56 Cal.App. 650 [206 P. 81]; *Rozzi* v. *Rozzi,* 86 Cal.App.2d 535 [195 P.2d 464].) We find no abuse of discretion.

Both orders are affirmed.

Dooling, J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1951.