[Civ. No. 20442.   Second Dist., Div. Three.   Feb. 14, 1955.]

CLEO McMAHAN, Appellant, v. RICHARD HUGHES McMAHAN, Respondent.

Benjamin Elconin for Appellant.

Robert H. Sanders, Edward Flam and Sidney R. Rose for Respondent.

VALLÉE, J.—Plaintiff appeals from an order denying her application for an increased allowance for the support and maintenance of three minor children of the parties and for attorney's fees in the proceeding for the increased allowance, and denying her application for attorney's fees in a proceeding brought by defendant to obtain custody of the minor children.

On September 14, 1953 plaintiff was granted a final decree of divorce from defendant. Custody of four minor children was awarded to plaintiff. Pursuant to a property settlement agreement, defendant was ordered to pay to plaintiff $650 a month in lieu of her share of the community property and to pay to her $150 a month for the support of each child. The oldest child has since married.

On December 10, 1953 defendant applied for modification of the decree praying for custody of the three younger chil-

dren on the asserted ground that plaintiff was not a fit or proper person to have their custody. On December 16, 1953 plaintiff, by affidavit, answered the application, denying its allegations and alleging she was without means to compensate her attorney in resisting the application. She prayed for reasonable attorney's fees.

On December 15, 1953 plaintiff applied for an order modifying the final decree with respect to the allowance for support and maintenance of the three children and for reasonable attorney's fees in instituting and prosecuting the proceeding. In her affidavit in support of the application, plaintiff stated she was spending about $300 a month to support each child in the standard of living to which defendant had accustomed them. She asked for an increase to $300 a month for each child.

The applications were heard together and were all denied. Plaintiff appeals, contending the court abused its discretion in denying her applications. She argues that the uncontroverted evidence disclosed that defendant has a net income of $35,000 a year plus extensive holdings of real property and stocks; that he has acquired a new wife with three children; that he was able to take the new wife on an expensive honeymoon trip to South America. She also argues that the evidence is uncontradicted that the minimum amount required to maintain the three children in the same standard of living to which defendant had accustomed them is $813 a month.

Defendant testified that his income is about $35,000 a year. The record is not clear as to whether the amount is net or gross income. Plaintiff testified that from December 1952 to December 1953 she needed $813 a month for the support and maintenance of the three children. There was evidence from which the court could infer that from December 1952 to December 1953 plaintiff received $14,850 from defendant; that during this period her expenses were $11,569.43, which were all the expenses of herself and the four children; that her figures as to the amount spent for the children were largely estimates; that some of the expenditures were extravagances; and that the children were living on a proper basis without an increase in the amount being paid by defendant.

■ The amount to be awarded for the care, support, education, and maintenance of children awarded to the custody of the wife is within the discretion of the trial court. (16 Cal.Jur.2d 574, § 279.) ■ We find no abuse of discretion

in the denial of an increase in the amount ordered to be paid for the support of the children by the final decree.

"In respect to services rendered after the entry of judgment, upon application by an order to show cause or motion, the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter upon application as aforesaid augment or modify any award so made." (Civ. Code, § 137.3; *Dexter* v. *Dexter,* 42 Cal.2d 36, 44 [265 P.2d 873].) ▮ In the absence of a showing of a clear abuse of discretion, the determination of the trial court in denying an allowance of attorney's fees for initiating and prosecuting a proceeding for an increase in the amount previously ordered for the support of the children will not be disturbed on review. There is no showing that the trial court abused its discretion in this respect since it found that the proceeding for an increase was not founded on any justifiable ground. (*Cesena* v. *Cesena,* 103 Cal.App.2d 212, 213-214 [229 P.2d 453].)

▮ The order denying plaintiff attorney's fees in resisting defendant's application for change of custody of the children stands on different ground. The court erred in denying plaintiff's application. She was compelled to employ an attorney to defend against defendant's application for custody. Her defense was meritorious and successful. The evidence on the hearing showed that plaintiff did not have the funds necessary to pay attorney's fees and that defendant was in a position financially to pay a reasonable sum therefor. It is patent that the refusal to award plaintiff a reasonable allowance for attorney's fees in resisting defendant's application for custody was an abuse of discretion. (See *Sorrels* v. *Sorrels,* 105 Cal.App.2d 465, 474 [234 P.2d 103], and cases there cited.)

That part of the order denying plaintiff's application for an increased allowance for the support and maintenance of the children and denying plaintiff an allowance of attorney's fees in initiating and prosecuting that application is affirmed. That part of the order denying plaintiff's application for an allowance of attorney's fees in resisting defendant's application for change of custody of the children is reversed with directions to the superior court to allow plaintiff a reasonable sum therefor.

Shinn, P. J., and Wood (Parker), J., concurred.