[Civ. No. 17576.   First Dist., Div. One.   Apr. 1, 1958.]

ALICE M. WALKER, Appellant, v. JEFFERSON
WALKER, Respondent.

Athearn & Athearn for Appellant.

Joseph B. Bates for Respondent.

BRAY, J.—Plaintiff appeals from a minute order refusing to find defendant guilty of contempt of court and denying her application for support and maintenance pendente lite, counsel fees and costs.*

QUESTIONS PRESENTED

1.  Is order denying contempt appealable?
2.  Effect of defendant's failure to file reply brief.

---

*Defendant heretofore appealed from an order setting aside and vacating the interlocutory decree of divorce.   February 13, 1958, we dismissed this appeal under rule 17 (a), Rules on Appeal, for defendant's failure to file an appellant's brief.

RECORD

March 19, 1956, an interlocutory decree of divorce was granted plaintiff on the ground of desertion. It approved a property settlement agreement dated March 2, 1956. June 8, said decree, on plaintiff's motion on the ground of mistake, inadvertence, etc., was set aside as of May 25. May 25, plaintiff filed an amended complaint adding extreme cruelty and adultery as additional grounds of divorce. June 8, 1956, an order was filed terminating as of March 2 temporary support payments (apparently ordered February 15, 1955) without prejudice to plaintiff's right to again apply therefor. Thereafter, by order to show cause, plaintiff sought to have defendant adjudged guilty of contempt of court for failure to pay the temporary support due as of March 2.† At the same time she applied for support pendente lite, counsel fees and costs. The minute order of June 28 provided ''Contempt order dismissed; . . . property settlement and agreement made 2nd day of March, '56, in full force and effect; temporary support and counsel fees denied without prejudice.'' It further provided that defendant must pay support accrued prior to March 2.

1. *Denial of Contempt Not Appealable.*

█ It is well settled that an order refusing to hold a litigant in contempt, as well as one holding him in contempt, is not appealable. ''The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive.'' (Code Civ. Proc., § 1222; *Thomas* v. *Thomas,* 4 Cal.App.2d 317, 318 [40 P.2d 581]; *Cesena* v. *Cesena,* 103 Cal.App.2d 212 [229 P.2d 453]; *John Breuner Co.* v. *Bryant,* 36 Cal.2d 877 [229 P.2d 356].)

2. *Defendant's Failure To File Brief.*

█ Applicable here is the following from *Postin* v. *Griggs,* 66 Cal.App.2d 147, 148 [151 P.2d 887]: ''Although given ample opportunity to do so, respondent has not seen fit to file a brief on this appeal. As a result, the cause has been submitted on appellant's opening brief pursuant to rule 17 (b) of the Rules on Appeal. Under the provisions of that rule we are entitled to accept as true the statement of facts in the opening brief. We are under no duty to seek out points of law in support of the judgment, are entitled to assume that

---

†The order vacating the interlocutory decree of divorce stated that it was without prejudice to plaintiff's right to the support payments which had accrued prior to March 2, 1956.

respondent has abandoned any attempt to support the judgment, and that the point made by appellant for reversal is meritorious.'' (See also *Yarbrough* v. *Yarbrough*, 144 Cal. App.2d 610 [301 P.2d 426]; 4 Cal.Jur.2d 334-335.) In the Postin and Yarbrough cases we discussed the merits of the appeal in spite of the respondents' failures to file briefs. Under the circumstances of this case, however, where in addition to failing to perfect his own appeal and to file a reply brief on plaintiff's appeal, defendant has failed to comply with the court's order for support from which no appeal was taken, we see no reason to depart from the rule above mentioned other than to call the trial court's attention to *Locke Padden* v. *Locke Padden*, 194 Cal. 73, 81 [227 P. 715], and *Steinmetz* v. *Steinmetz*, 67 Cal.App. 195, 196 [227 P. 713], holding that a property settlement agreement does not deprive the court of the power under former section 137, Civil Code (now § 137.2 and § 137.3) to award temporary support, attorney's fees and costs pendente lite.

Plaintiff's appeal from that part of the order which dismisses the contempt application is dismissed. The remaining portions of the order are reversed. Plaintiff will recover costs.

Peters, P. J., and Wood (Fred B.), J., concurred.