[Civ. Nos. 25695, 26190. Second Dist., Div. Three. Aug. 10, 1962.]

GERTRUDE KATHRYN BULL, Plaintiff and Appellant, v. INGALL W. BULL, JR., Defendant and Respondent.

(Two Cases.)

Robert Haves for Plaintiff and Appellant.

Betts, Ely & Loomis and James A. Williams for Defendant and Respondent.

SHINN, P. J.—The main appeal is by plaintiff, mother of Hannah, aged nine, and Mary, aged eight, from an order awarding custody of the children to defendant, their father, in modification of a decree of divorce awarded plaintiff by default in 1959. Consolidated with this appeal is one from an order denying appellant's application for attorney's fees and costs on appeal. We are of the opinion that both orders must be affirmed.

Able counsel are not in disagreement with respect to the applicable legal principles. The trial court was to determine how the welfare of the children would best be served and to rule accordingly. The court was vested with broad discretion, and the question on appeal is whether the orders under review amounted to an abuse of legal discretion. In reviewing the record we must presume that the court adopted that view of the evidence and drew therefrom the inferences which tend to establish the reasonableness of the orders.

The guiding principle is: "As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, custody should be given to the mother; if the child is of an age to require education and preparation for labor or business, then custody should be given to the father." (Civ. Code, § 138, subd. (2).)

 Where, as between the parents, the custody of young children is in question the duty of the trier of fact is to determine whether considerations, other than parental relationship, would be equal, that is to say, whether the children would be better cared for, better trained, more secure and happier in the custody of their father than with their mother. It is clear from the evidence and the court's memorandum that

the basis of the court's decision was that the father would be better able than the mother to provide for the children's welfare.

Respondent is an attorney, 33 years of age, well established and possessed of adequate income. He occupies a suitable home with his wife, whom he married February 11, 1961. He is her fourth husband and she is the mother of a 15-year-old son, who lives with her in respondent's home. She is an experienced court reporter, which occupation she has discontinued in order to preside over the home and care for the children.

No question was raised as to respondent's ability and willingness to provide a suitable home for the children with all the advantages conducive to their welfare, except, of course, the constant companionship of their own mother. No contention was made, nor was there evidence, which reflected in the slightest upon the character of appellant or cast a doubt upon her great love for the children or her willingness to care for them to the extent of her ability. The sole reason for the court's conclusion that the children would profit more through being in the custody of their father was that their mother, through no fault of her own, had been shown to be lacking, to a substantial degree, in responsibility and emotional stability.

Preliminary to the divorce there was a property settlement. Custody of the children was awarded jointly to the parents, with actual custody in the mother. Another agreement, which was not presented to the court, provided that it was for the best interests of the children that they remain with their father during the remainder of 1959 and that they would be given over to the mother on four months notice. Parenthetically, it may be explained that for many years appellant's grandmother, Josephine Messinger, had lived in the home of the parties, and had had a major part in the rearing of the children. During the events which followed the divorce they were away from their great grandmother only occasionally and for brief intervals.

Shortly prior to the divorce appellant left the family home on Lucerne, in Los Angeles. She returned in July 1959 and respondent moved out. Appellant made a motion for vacation of the property settlement and the interlocutory decree. The motion was denied. From as early as January 1959 appellant suffered from anxiety and a feeling of inadequacy in rearing the children. She consulted a psychiatrist and was under his

care from January 1959 until August 1960. She received substantial benefit from the treatment. In October 1959 appellant left the family home and lived alone in a half dozen rented quarters. She engaged in television work, in which she was proficient and successful. The children visited with her frequently. In May 1960 appellant married a Mr. Lampert, a widower, with two children, and moved into his home. Within a month they separated. The shock of the separation gave appellant an emotional setback, necessitating psychiatric treatment. In July appellant returned to the Lucerne home and respondent moved out. A month later appellant became reconciled with Mr. Lampert and returned to his home. Respondent moved back to Lucerne. In November appellant, with Mr. Lampert and his children, moved to a larger home, where Hannah and Mary spent weekends and holidays with their mother. There was disagreement respecting the rearing of the Lampert children.

Respondent, when he remarried in February 1961, moved from Lucerne and acquired another home, leaving the children with Mrs. Messinger. In May, when respondent informed appellant that he wished to keep the children appellant took them and Mrs. Messinger to the Lampert home. Separated again from Mr. Lampert, this time apparently permanently, appellant moved into a duplex with Mrs. Messinger and the children. This was the home she had for them at the time of the custody hearing. She was then preparing to divorce Mr. Lampert.

We have refrained from making a more extensive and detailed statement of the evidence which was presented in a trial lasting three and a half days. During the trial the trial judge had the parties before him and had the best possible opportunity to form his judgment as to their capabilities for caring for the children. He found both to be of excellent character, with deep love for the children and great interest in their welfare. In his memorandum of his decision the judge refrained from relating the medical testimony, although he stated that he was impressed by it. The psychiatrist expressed his opinion at the trial that he saw no reason why appellant could not give the children proper care.

The trial judge gave careful and impartial consideration to the claims of the respective parties and the supporting evidence, which he summarized fully in a memorandum of his decision. He stated with respect to the medical testimony and records (p. 31) : ''Suffice it to say that there is contained

in such records matters that give considerable concern to the court with reference to the mother's ability to adequately take care of the needs of the children if she were to have custody." And he stated his conclusion as follows (p. 29): "There is nothing in the evidence which gives assurance to the court that the children would enjoy the advantages of a stable home, congenial surroundings and intelligent attention and direction in matters affecting the health and development of the children, if physical custody were given to the mother. The father, a successful professional man, has demonstrated his competence and stability by giving the children a good home and by seeing to it that their temporal, mental and moral welfare was advanced. The father's plan for the children's continued residence with him and his new wife appears superior in every respect to that proposed by the mother."

It is true, as appellant contends, that there have been episodes in recent years which accounted for her feelings of despair and inadequacy and which caused her to seek professional care. And it is to her credit that she made extreme efforts to develop greater emotional stability, but these were matters which the court took into consideration in reaching the conclusion that the welfare of the children, present and prospective, would be better provided and more assured in the home and under the care of their father than in the custody of their mother. We find no reason for questioning the soundness of the order respecting custody.

Soon after the order changing custody was made appellant filed in this court a petition for writ of supersedeas, staying execution of the order. The petition was denied, as was a petition to the Supreme Court for a hearing. Prior to the ruling of this court appellant noticed a motion for an order that defendant pay attorney's fees for plaintiff's resistance of the application for modification of the decree respecting custody, for costs and attorney's fees on plaintiff's appeal from the custody order and upon her application for writ of supersedeas. After denial of the petition the trial court ruled upon the motion; defendant was ordered to pay $1400 to plaintiff's attorney in connection with the motion for modification, and plaintiff's motion for costs and attorney's fees on appeal was denied. Plaintiff appealed "from the order of this Court made September 15, 1961 denying plaintiff's motion for suit money, costs and attorney's fees on appeal from the order of this Court made and entered July 19, 1961."

The sole ground for the denial of attorney's fees and costs on appeal was that in the court's judgment his decision that it was in the best interests of the children that they should be with their father had substantial support in the evidence and that it was not reasonable to anticipate that on the appeal his order would be held to be in abuse of his discretion.

It is an invariable rule that a wife does not have an absolute right to prosecute an appeal from an adverse order or judgment in a divorce action at the expense of the husband; the matter of allowance of fees and costs on appeal rests in the discretion of the court. ''Where the trial court is satisfied, from the record before it, that the proposed appeal is not undertaken in good faith, or with reasonable belief that it has merit [citation], the application should be denied.'' (*Stewart* v. *Stewart,* 156 Cal. 651, 656 [105 P. 955].) Good faith in taking an appeal may, and no doubt does, exist in some cases, without a realization that it is a hopeless appeal, but the appellant and her counsel are chargeable with knowledge whether the appeal has merit, and if under well settled principles only affirmance of the order or judgment is reasonably to be anticipated, as on the main appeal before us, an application for fees and costs should be denied. The denial of costs and attorney's fees on appeal was well within the court's discretion.

The orders are affirmed.

Ford, J., and Files, J., concurred.