[Civ. No. 27657.   Second Dist., Div. Two.   Oct. 10, 1963.]

DOROTHY ACKERMAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PAUL WINCHELL, Real Party in Interest.

Darling, Shattuck, Hall & Call and W. John Kennedy for Petitioner.

No appearance for Respondent.

Emmet G. Lavery, Jr., and Cyrus Levinthal for Real Party in Interest.

FOX, P. J.—This is a petition for a writ of mandate to compel the lower court to hear petitioner's motion for child

support and attorney's fees during the pendency of an action brought by petitioner against her former husband, Paul Winchell, real party in interest.

On March 8, 1963, the original complaint in the action was filed. It contained two counts based on an alleged written property settlement agreement under the terms of which Winchell was to pay, among other specified amounts, for the support of two minor children of the parties. The first count sought declaratory relief in respect to certain terms of the agreement; the second count sought damages for breach of contract and a judgment for future child support based on the terms of the agreement.

On June 17, 1963, with permission of the court, the complaint was amended to allege a third count. The third count included allegations in respect to the property settlement agreement and Winchell's failure to make payments thereunder. It also alleges that he has wilfully failed and refused to make any other provisions or payments for the support, maintenance and education of the children; that petitioner has employed counsel and has incurred and will incur expenses for prosecuting the action, including reasonable attorney's fees and costs; that petitioner is without sufficient income to support, maintain and educate the two minor children or to pay the costs of prosecuting the action, including attorney's fees. The prayer seeks, among other things, that Winchell be ordered to pay for the support of the minor children during the pendency of the action and permanently thereafter the sums provided in the agreement, and reasonable attorney's fees and costs.

The complaint does not allege that Winchell has the ability to pay; however, his answer alleged that he was unable to pay in accordance with the agreement but was willing to pay reasonable sums upon condition that petitioner account to him and to the court by showing that all sums paid previously by him were used exclusively for the support of the children.

Thereafter, on July 1, 1963, petitioner made a motion for an order that Winchell pay for child support pending the action the amounts called for under the property settlement agreement, and $1,500 attorney's fees. He moved to dismiss the motion on the ground that the court did not have jurisdiction to make an award pendente lite in such action. The court granted the motion to dismiss.

Civil Code section 137.1 provides that a mother may maintain an action for child support against the father when he

has the duty to provide for the support, maintenance and education of the children. Civil Code section 137.2 provides, in part, that during the pendency of "any action . . . for the support, maintenance or education of children" the court may order the father to pay any amount that is necessary for said support. Civil Code section 137.3 provides, in part, that during the pendency of any such action the court may order the father to pay such amount as may be reasonably necessary for the cost of maintaining the action and for attorney's fees if such relief is requested in the complaint.

█ That a father is under a statutory duty to support his minor children upon a proper showing is settled law in this state. █ In the instant case the father is also under a contractual duty to support his children by reason of the agreement he made with his wife for their support. But the making of the agreement does not foreclose the right of the children (or their mother on their behalf) to such support under the statutes for, as a matter of public policy, parents cannot bargain away the rights of their children to support. (*Krog* v. *Krog*, 32 Cal.2d 812 [198 P.2d 510]; *Walker* v. *Walker*, 159 Cal.App.2d 67 [323 P.2d 451].) The significance of this principle is illustrated by *Newhall* v. *Newhall*, 157 Cal.App.2d 786 [321 P.2d 818]. In that case the husband and wife had entered into an integrated property settlement agreement. The husband made a motion to modify the support provisions of the agreement. The wife sought an award of attorney's fees and costs in resisting the husband's motion to reduce her support payments. The court held that the integrated agreement operated as a waiver and relinquishment of any right she might have otherwise had to receive such an award for herself. The wife also sought an award for attorney's fees and costs to enable her to resist the husband's motion to reduce child support payments. The court gave her the requested award, stating: "In that regard, she acts as a representative of the children, whose rights can not be adversely affected by agreement of the parents; nor can the state's interest and concern for the welfare and maintenance of the children be adversely affected by the provisions of any such agreement." (Pp. 796-797.) In *Allen* v. *Allen*, 138 Cal.App.2d 706 [292 P.2d 581], the court held that despite a divorced mother's agreement with the father waiving attorney's fees in any proceeding relating to their minor children, the court had the power to grant such fees. (P. 710)

■ Section 137.1, Civil Code, expressly authorizes a suit by the mother to enforce the duty of the father to provide for the support, maintenance and education of the minor children. Section 137.2 says that during the pendency of "any action ... for the support, maintenance or education of children, the court may order the ... father ... to pay any amount that is necessary" for such support. Section 137.3 provides that during the pendency of any such action the court may order the father "to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees if such relief is requested" in the pleadings. Here we have broad and comprehensive legislative authorization enforcing the duty to support, maintain and educate one's children, including authority, upon a proper showing, to award pendente lite support (Civ. Code, § 137.2) and counsel fees and court costs (Civ. Code, § 137.3). The authority to grant such relief is not limited by the statutes to enforcing the statutory duty to support. Both sections 137.2 and 137.3 authorize the granting of the relief therein respectively provided for, "[d]uring the pendency of any action ... " for such relief. The language of the sections is therefore broad enough to include such relief in an action to enforce a duty to support children based upon a contractual obligation.

There is therefore plainly no merit in Winchell's contention that the court has no jurisdiction to award pendente lite support for the children, counsel fees, and cost money because petitioner is assertedly seeking to enforce his contractual duty to support them. ■ Because of its concern for the welfare and maintenance of children the state is interested in having this duty of support enforced in a proper case whether it be statutory or contractual.

The policy underlying the code sections, cited *supra,* would be frustrated if the mere fact of the mother's attempt to enforce the father's contractual duty to support the children should deprive the court of jurisdiction to make an order pendente lite for their support and an award for counsel fees and costs in an action to enforce such duty.

■ In her third cause of action petitioner has sufficiently alleged the children's need for pendente lite support and for court costs and counsel fees, and that Winchell has wilfully failed to make payments for their support under the agreement therefore, and has failed and refused to make any other provisions or payments for their support, maintenance and

education. In his answer Winchell states his willingness and therefore his ability "to make reasonable payments" for the support and maintenance of the children.

From the foregoing it is apparent that the court had jurisdiction to hear petitioner's motion.

Let the writ issue.

Ashburn, J., and Herndon, J., concurred.